**Edward H. CORTINAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 59125.**

Court of Criminal Appeals of Texas, Panel No. 3.

Oct. 18, 1978.

Samuel D. McDaniel, Austin, for appellant.

James L. McMurtry, County Atty., and J. Randall Walker, Asst. County Atty., Austin, for the State.

Before DOUGLAS, ROBERTS and DALLY, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for possession of a switchblade knife. Punishment was assessed by the court at confinement in the county jail for ten days and a fine of $175, but appellant was placed on probation for a term of twelve months.

Appellant contends that the knife in question was seized in the course of an unlawful search of his person. Although not without difficulty, we agree, and reverse the conviction.

At approximately midnight on May 10, 1977, Austin police officer Rennie Dunn received a radio report of an armed robbery at a grocery store. In the report, the suspect was described as a black male armed with a knife, carrying a quart bottle of beer, and wearing a grey shirt and blue jeans. The suspect had left the store on foot.

Dunn immediately drove to the area of the store. As he turned onto a street one block from the store he saw appellant walking along the curb carrying a paper sack. Dunn drove up beside the appellant, who did not flee or offer resistance, and immediately stopped and frisked him to determine if he were armed. The knife in question was discovered as a result of this frisk. Appellant was then detained until the store manager arrived. Although the manager stated that he was not the robber, appellant was arrested for possession of the switchblade knife.

Appellant is not a black man. On the night in question, he was wearing a blue and white striped shirt and blue jeans, and was carrying a quart bottle of beer in the paper sack. Dunn testified that he saw that appellant was not black, and was not wearing a grey shirt, the moment he stopped him. Dunn was asked by appellant's attorney, "When you stopped him and decided to go ahead and search, did you think perhaps maybe the description was in error?" Dunn answered, ". . . [M]y first impression was to make a pat down and frisk for weapons and then it's a possibility, it can happen. It's happened before."

A police officer may detain a person temporarily for investigative purposes where the circumstances reasonably indicate that the person either has or is preparing to commit a crime. *Brown v. State*, 481 S.W.2d 106 (Tex.Cr.App.1972). In the course of such a temporary detention, an officer may conduct a limited search for weapons where it is reasonably warranted for his safety or the safety of others. *Perez v. State*, 548 S.W.2d 47 (Tex.Cr.App.1977); *Ablon v. State*, 537 S.W.2d 267 (Tex.Cr.App. 1976); *Wood v. State*, 515 S.W.2d 300 (Tex. Cr.App.1974). A temporary detention must be based on specific, articulable facts which, taken together with the rational inferences from those facts, reasonably warrant further detention of the individual while more information is obtained. *Ceniceros v. State*, 551 S.W.2d 50 (Tex.Cr.App.1977); *Greer v. State*, 544 S.W.2d 125 (Tex.Cr.App.1976). The inarticulate hunch, suspicion or good faith of a police officer will not warrant such a temporary detention. *Ceniceros v. State*, supra; *Brown v. State*, supra.

Officer Dunn was understandably suspicious when he first saw appellant, since he was in close proximity to the crime scene and was carrying a sack which could (and, in fact, did) contain a quart bottle of beer. But upon stopping appellant, Dunn immediately saw that he did not fit the description of the robber: he was not black and was not wearing a grey shirt. At that point, Dunn did not have specific, articulable facts on which to base the further detention of appellant. Indeed, Dunn testified, in effect, that he detained and frisked appellant on the suspicion that the description of the robber was incorrect. Such a suspicion is insufficient for a police officer to detain a person for investigative purposes. *Ceniceros v. State*, supra; *Brown v. State*, supra. Dunn's search of appellant

was unlawful and the knife seized was erroneously received in evidence. *Duncan v. State,* 549 S.W.2d 730 (Tex.Cr.App.1977). Cf. *Perez v. State,* supra; *Ablon v. State,* supra.

The judgment is reversed and the cause remanded.