Jim David SCHWARTZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 62416.

Court of Criminal Appeals of Texas, Panel No. 3.

July 14, 1982.

James H. Kreimeyer, Belton, for appellant.

Patrick J. Ridley, County Atty., Michael R. Miller, Asst. County Atty., Belton, Robert Huttash, State's Atty., Austin, for the State.

Before DALLY, W. C. DAVIS and TEAGUE, JJ.

## OPINION

W. C. DAVIS, Judge.

This is an appeal from a conviction for misdemeanor possession of marihuana. The court assessed punishment at 180 days confinement and a $300 fine, probated.

In his sole ground of error the appellant contends the trial court erred in admitting into evidence marihuana which was discovered subsequent to an illegal investigative stop.

Although the appellant did not file a pretrial motion to suppress, he did timely object to testimony concerning the seizure of the marihuana and to the admission of the marihuana into evidence. See *Brooks v. State*, 599 S.W.2d 312 (Tex.Cr.App.1979); *Sullivan v. State*, 564 S.W.2d 698 (Tex.Cr. App.1978).

Officer Jaramillo, of the Temple Police Department, on direct examination, testified that he went to Fox's Fina Gas Station at approximately 8:00 p. m. on February 5, 1977. Jaramillo stated that he was looking for juveniles with alcoholic beverages. As Jaramillo approached Fox's Fina, through an alley, he observed a pickup truck behind the building on a paved portion of the parking lot. Jaramillo explained, "As I drove toward the vehicle the defendant here and his girlfriend leaned towards the middle of the pickup truck. Now this just aroused my suspicion thinking it might be juveniles with alcoholic beverages." The officer flashed his head lights at the appellant and the appellant responded by stopping his truck.

Jaramillo stated he smelled the faint odor of marihuana when he approached the truck. Jaramillo asked for appellant's identification and then asked appellant what he had in the truck. Subsequently, the appellant handed Jaramillo a brown paper bag containing marihuana.

On cross-examination, Jaramillo stated the reason he was in the area was due to a complaint filed, a few days earlier, by the manager of Fox's Fina. The complaint indicated that a group of ten to twelve juveniles, aged thirteen to fifteen years old, gathered behind the station after closing to drink beer. Jaramillo admitted that the complaint did not give a description of a pickup truck or any other vehicles.

Jaramillo further stated the appellant's truck was located near a covered portion where vacuum cleaners used to be installed and near stalls, located at the side of the building, that can be used for washing cars. Finally, Jaramillo admitted the washing stalls were operable at that time and that it would not be unusual for someone to be in that area if they wanted to wash their car.

■ Circumstances short of probable cause for arrest may justify temporary detention for purposes of investigations. *Adams v. Williams*, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972); *Terry v. Ohio*, 392

U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1967); *Ferguson v. State,* 573 S.W.2d 516 (Tex.Cr. App.1978). To justify an investigative stop, an officer must have specific articulable facts which, in light of his experience and personal knowledge, together with other inferences from those facts, would warrant the intrusion on the person stopped for further investigation. See *Ebarb v. State,* 598 S.W.2d 842 (Tex.Cr.App.1980); *Brem v. State,* 571 S.W.2d 314 (Tex.Cr.App.1978). Thus, even in the absence of bad faith, detention based "on a mere hunch" is illegal. There must be a reasonable suspicion by the officer that some activity out of the ordinary is occurring or had occurred, some suggestion to connect the detained person with the unusual activity, and some indication that the activity is related to crime. Where the events are as consistent with innocent activity as with criminal activity, a detention based on those events is unlawful. See *Shaffer v. State,* 562 S.W.2d 853 (Tex. Cr.App.1978).

In the instant case, Officer Jaramillo had suspicion but no articulable facts. Jaramillo did not observe appellant committing any traffic violations or any crime in the officer's presence. See *McDougald v. State,* 547 S.W.2d 40 (Tex.Cr.App.1977). Further, the officers had not received reports of juveniles that evening and the appellant did not fit the descriptions of the juveniles the manager had complained of. Finally, the conduct of the appellant was as consistent with innocent activity as with criminal activity; therefore, we find the initial detention was unlawful and the marihuana seized subsequent to the stop inadmissible. See *Cortinas v. State,* 571 S.W.2d 932 (Tex.Cr. App.1978); *Fatemi v. State,* 558 S.W.2d 463 (Tex.Cr.App.1977).

The judgment is reversed and the cause remanded.