Larry Darnall **HENSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–86–00668–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

June 25, 1987.

Bob Wicoff, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Timothy G. Taft, Jay Karahan, Harris County Asst. Dist. Attys., Houston, for appellee.

Before SAM BASS, LEVY and WARREN, JJ.

## OPINION

WARREN, Justice.

A jury convicted appellant of aggravated robbery, found the allegations in the enhancement paragraph to be true, and assessed punishment at 60 years confinement.

Appellant contends, in one point of error, that his conviction should be reversed because he received ineffective assistance of counsel at trial. He complains of four alleged errors committed by his trial counsel.

First, he argues that during voir dire trial counsel should have asked the jury panel whether they could consider the full range of punishment, and whether they had been crime victims. However, appellant ignores the prosecutor's questioning of the panel concerning their ability to assess both the minimum and maximum punishment. Further, although defense counsel did not specifically ask whether any member was a crime victim, two panel members volunteered in response to general ques-
tions in the presence of the panel that they had been crime victims. Finally, the juror information cards contained a question asking whether the veniremen had been a complainant in a criminal case. Trial counsel's voir dire examination, if erroneous, did not result in any prejudice to appellant. *Strickland v. Washington,* 466 U.S. 668, 693–94, 104 S.Ct. 2052, 2067–68, 80 L.Ed.2d 674 (1984).

Second, appellant contends that his trial counsel's failure to object to extraneous information contained in a judgment from a previous conviction used in the punishment phase to prove the enhancement allegations rendered counsel's assistance ineffective. The extraneous information showed that appellant had originally been charged with burglary of a building armed with a shotgun, a first degree felony, and burglary of a motor vehicle, but was convicted of burglary of a building, a second degree felony. This information concerning the initial charge should have been excluded, and the jury allowed to consider only appellant's prior conviction. Tex.Code Crim.P.Ann. art. 37.07(3)(a) (Vernon Supp. 1987). However, appellant sustained no prejudice from counsel's failure to object, because the prosecutor made no reference to the initial charge information and the record does not reflect that the jury requested or received the judgment of conviction. *Davis v. State,* 642 S.W.2d 510 (Tex. Crim.App.1982).

Third, appellant argues that his trial counsel's request that the court not instruct the jury on the appellant's failure to testify during the punishment phase rendered his assistance ineffective. We disagree. Such a request is a matter of trial strategy intended to avoid emphasis of appellant's failure to testify when it is noted that the court questioned and admonished the jury panel twice during voir dire concerning the effect of appellant's failure to testify.

Finally, appellant contends that his trial counsel's failure to object to the prosecutor's remark during punishment phase jury argument that "folks, mercy, mercy

for lawyers promote lies" denied him effective assistance of counsel. After review of the record, it is clear that appellant suffered no harm from this isolated remark of uncertain meaning, and therefore suffered no prejudice from trial counsel's failure to object. *Strickland,* 466 U.S. at 693–94, 104 S.Ct. at 2067–68.

Appellant's sole point of error is overruled.

The judgment is affirmed.

LEVY, J., dissents.

LEVY, Justice, dissenting.

I respectfully dissent.

This case illustrates the cumulative effect of trial counsel's following errors to be tantamount to ineffective assistance of counsel, within the meaning of *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984), so "that the trial cannot be relied on as having produced a just result":

(1) failure to represent appellant adequately in the voir dire proceedings, particularly in the elimination of potentially biased jurors;

(2) failure to object to the extraneous information of highly prejudicial nature contained in the judgment of a previous conviction introduced at the punishment phase of the trial; and

(3) failure to object to the prosecutor's punishment phase argument suggesting that defense counsel promote lies.

Each of these failures—and there were some four errors specified—was exhaustively researched and documented by appellant's skillful appellate counsel. Their total effect, in my judgment, demonstrated that trial counsel, through his passivity, did not prepare or conduct a defense reasonably consistent with minimal professional standards of the criminal bar. *See Gomez v. State,* 704 S.W.2d 770 (Tex.Crim.App. 1985); *Ex parte Duffy,* 607 S.W.2d 507 (Tex.Crim.App.1980); *Boyde v. State,* 513 S.W.2d 588 (Tex.Crim.App.1974).

It may be true, which I doubt, that each of these errors, standing alone, would not be so egregious as to require a reversal, but I am reminded of Mr. Justice Frankfurter's conclusion in *Fikes v. Alabama,* 352 U.S. 191, 199, 77 S.Ct. 281, 285, 1 L.Ed.2d 246 (1957):

No single one of these circumstances alone would in my opinion justify a reversal. I cannot escape the conclusion, however, that in combination they bring the result below the Plimsoll line of "due process."

Likewise, I cannot escape the conclusion that the result of the trial counsel's relative inaction throughout the proceedings was to deny the appellant a fair and impartial trial.

Accordingly, I would reverse and remand for a new trial, in the belief that appellant was entitled to be tried in accordance with the protection of the "assistance of counsel" guarantee of the Sixth Amendment of the United States Constitution (and Art. I, sections 10 and 19 of the Texas Constitution).