**Glen Terry WILLIAMS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 13–91–160–CR.**

Court of Appeals of Texas, Corpus Christi.

July 30, 1992.

Anthony Kayal, James M. Leitner, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Andrea F. Lopes, Asst. Dist. Atty., Houston, for appellee.

Before NYE, C.J., and KENNEDY and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

NYE, Chief Justice.

A jury found appellant, Glen Terry Williams, guilty of burglary of a vehicle with intent to commit theft. He pleaded true to the two enhancement allegations, and the jury assessed his punishment at life in prison. By four points of error, appellant complains of ineffective assistance of counsel and that the trial court erred when it admitted his custodial statements into evidence. We affirm.

Alice Martinez lived right across the street from Dixon Motors. Early in the morning on April 20, 1990, her husband, Benito Martinez, woke her up because someone was in the Dixon Motors' car lot. She looked out the window and saw appellant remove a hubcap from a car. He then opened a pickup's door, pulled its seat forward, and got inside of the pickup behind the seat. At this point, she called the police. When appellant got out of the pickup, he picked up a bag and left the car lot. He went to some hedges, got on a girl's bicycle, and rode away. When the police arrived, she gave them appellant's description. The police left and later returned with appellant. Ms. Martinez identified appellant as the person she saw taking the hubcap and getting into the pickup.

By point four, appellant complains that the trial court erred when it admitted his custodial statements into evidence. Officer Atkins testified that when he arrived at the scene, he talked to Alice and Benito Martinez. The Martinezes gave him appellant's description and said that he got inside one vehicle and took the hubcaps off of another vehicle. They also told him that appellant was riding a girl's bicycle. At this time, Officers Aguirre and Gomez arrived. Officer Atkins gave them appellant's description, and they asked Officer Atkins to follow them to Laura Koppe Street because when they were responding to the same call, they had seen someone in the area of a motel on Laura Koppe who fit appellant's description. The three officers then went to that location (which was about two blocks from Dixon Motors) and canvassed the area for fifteen or twenty minutes. Officers Aguirre and Gomez located appellant in front of the motel on Laura Koppe. When Officer Atkins arrived at the motel, Officers Aguirre and Gomez were standing beside appellant, who was sitting on a girl's bicycle.

At trial, the State asked Officer Atkins if appellant identified himself, but before Officer Atkins responded, defense counsel took him on voir dire. On voir dire, Officer Atkins testified that appellant was detained to establish his identity. At this point, defense counsel objected to any questions concerning appellant's name or birth date on the bases that before Officer Atkins began questioning him, he was in custody and did not receive his *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) warnings.[1] The trial court allowed Officer Atkins to testify about what appellant said when Officer Atkins asked him for his name, birth date, address, and social security number.

■ Consistent with the Fourth Amendment, a police officer may briefly stop a suspicious person in order to determine his or her identity or to maintain the status quo momentarily while obtaining more information. *Mays v. State*, 726 S.W.2d 937, 944 (Tex.Crim.App.1986), *cert.*

*denied*, 484 U.S. 1079, 108 S.Ct. 1059, 98 L.Ed.2d 1020 (1988); *Gearing v. State*, 685 S.W.2d 326, 327–28 (Tex.Crim.App.1985). Circumstances short of probable cause for an arrest may justify temporary detention for investigative purposes since an investigation is considered a lesser intrusion upon an individual's personal security. *Johnson v. State*, 658 S.W.2d 623, 626 (Tex.Crim. App.1983); *Leighton v. State*, 544 S.W.2d 394, 397 (Tex.Crim.App.1976). The totality of the circumstances surrounding the incident are looked to in determining whether the police conduct was reasonable. *Gearing*, 685 S.W.2d at 328; *Shaffer v. State*, 562 S.W.2d 853, 855 (Tex.Crim.App.1978).

■ In order to justify a temporary detention, the officer must have specific articulable facts which, in light of his or her experience and personal knowledge, together with inferences from those facts, would reasonably warrant the intrusion on the citizen's freedom. *Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889 (1968); *Hoag v. State*, 728 S.W.2d 375, 380 (Tex.Crim.App.1987). The specific facts must amount to more than a mere hunch or suspicion. *Meeks v. State*, 653 S.W.2d 6, 12 (Tex.Crim.App.1983); *Williams v. State*, 621 S.W.2d 609, 612 (Tex.Crim.App.1981). The officer must have a reasonable suspicion that some activity out of the ordinary is occurring or has occurred, some suggestion to connect the detained person with the unusual activity, and some indication that the activity is related to a crime. *Schwartz v. State*, 635 S.W.2d 545, 547 (Tex.Crim.App.1982).

■ In *Adams v. Williams*, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972), the Supreme Court rejected the theory that "reasonable cause for a stop and frisk can only be based on the officer's personal observation" and held that the proper issue was whether the information which formed the basis of a police officer's actions possessed "indicia of reliability." In the present case, the specific and articulable circumstances which justified this investigatory stop were based upon eyewitness infor-

---

1. *See also* Tex.Code Crim.Proc.Ann. art. 38.22 (Vernon 1979).

mation. The Martinezes gave Officer Atkins appellant's description and mode of transportation. They also told him that appellant got inside one vehicle and took the hubcaps off of another. Officer Atkins then gave appellant's description to Officers Aguirre and Gomez. The three officers were entitled to act upon information they received from the Martinezes. *See Adams*, 407 U.S. at 147, 92 S.Ct. at 1923; *Williams v. State*, 629 S.W.2d 146, 147 (Tex.App.—Dallas 1982, no pet.). We determine that the totality of the information available to the police officers showed that they acted on articulable facts and that these facts justified a reasonable suspicion that appellant may well have been involved in criminal activity. The officers' subsequent investigatory stop of appellant was proper. *See Schwartz*, 635 S.W.2d at 547.

■ Officer Atkins' questions to appellant concerning his name, birth date, address, and social security number all related to appellant's identity. Officer Atkins' questions did not result in any incriminating response by appellant. *See McCambridge v. State*, 712 S.W.2d 499, 505 (Tex. Crim.App.1986), *cert. denied*, 495 U.S. 910, 110 S.Ct. 1936, 109 L.Ed.2d 299 (1990). We therefore hold that the trial court did not err in admitting appellant's custodial statements into evidence.

By points one, two, and three, appellant complains of ineffective assistance of trial counsel. The proper standard by which we gauge the adequacy of counsel's representation at the guilt-innocence stage was stated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted in Texas in *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986). The *Strickland* test requires a two-pronged analysis: (1) did the attorney's performance fail to constitute "reasonably effective assistance," that is, did the defense attorney's representation fall below an objective standard of reasonableness under prevailing professional norms, *and* (2) if so, was there a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. The United States

Supreme Court defined a "reasonable probability" as "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068; *Tejerina v. State*, 786 S.W.2d 508, 514 (Tex.App.—Corpus Christi 1990, pet. ref'd).

In *Ex parte Cruz*, 739 S.W.2d 53, 59 n. 1 (Tex.Crim.App.1987), the Court held that the second prong of *Strickland* is not applicable to the punishment stage of a trial. The Court stated that the standard stated in *Ex parte Duffy*, 607 S.W.2d 507 (Tex. Crim.App.1980) would be the standard on which the effectiveness of counsel would be judged. This is, "the sufficiency of an attorney's assistance is gauged by the totality of the representation of the accused." *Ex parte Cruz*, 739 S.W.2d at 58. When reviewing the trial counsel's representation under *Duffy*, an appellate court must examine the "totality of the representation," which includes the pretrial representation of the accused, the guilt-innocence stage of the trial, and the punishment stage of the trial. *Ex parte Walker*, 777 S.W.2d 427, 431 (Tex.Crim.App.1989).

■ By point three, appellant complains that he was denied effective assistance of counsel when trial counsel failed to request instructions to disregard inadmissible testimony at the guilt/innocence phase. During trial of the State's case-in-chief, Officer Atkins testified that he looked for appellant in "several known dope hangouts...." Counsel objected, and the trial court sustained the objection. The State then asked Officer Atkins why he went to "drug houses?" Counsel objected, and the question was not answered. In both instances, counsel did not request an instruction to disregard.

An accused is entitled to be tried on the accusations stated in the State's pleadings and not for some collateral crime or for being a criminal generally. *Smith v. State*, 646 S.W.2d 452, 455 (Tex.Crim.App. 1983); *Tovar v. State*, 777 S.W.2d 481, 492 (Tex.App.—Corpus Christi 1989, pet. ref'd). In the present case, Officer Atkins' statement that he went to several dope hangouts did not link appellant to any acts of

misconduct, collateral crimes, or extraneous offenses. Concerning the State's question to Officer Atkins about why he went to drug houses, the mere asking of a question does not constitute reversible error when no new fact is injected and no statute is violated. *Kirkpatrick v. State*, 515 S.W.2d 289, 294 (Tex.Crim.App.1974); *Tovar*, 777 S.W.2d at 494. In the present case, the State's question neither injected a new fact nor violated any statute. Appellant has failed to show from the "totality of the representation" that a reasonable probability existed that but for trial counsel's alleged errors, the trial's result would have been different. We therefore hold that appellant was not denied effective assistance of counsel in this instance.

■ By point one, appellant complains that he was denied effective assistance of counsel because trial counsel allowed the State to admit into evidence jail records which included references that he had been arrested for extraneous offenses. During the punishment phase, appellant pleaded true to the enhancement allegations, rape and aggravated assault on a peace officer. The State then admitted into evidence, without objection, Exhibits 11–A, 12–A, and 13–A, copies of appellant's jail records. The State also admitted into evidence Exhibits 6, 7, 8, 9, and 10, copies of the judgments and sentences of appellant's prior convictions for burglary of a building with intent to commit theft, rape, aggravated assault on a peace officer, resisting arrest, and possession of a controlled substance (cocaine) under 28 grams.

Appellant argues that Exhibits 11–A, 12–A, and 13–A included references to non-relevant, extraneous offenses. A similar complaint was addressed in *Henson v. State*, 734 S.W.2d 119, 120 (Tex.App.—Houston [1st Dist.] 1987, pet. ref'd). In *Henson*, the accused argued that his trial counsel's failure to object to extraneous information contained in a judgment from a previous conviction used in the punishment phase to prove the enhancement allegations rendered counsel's assistance ineffective. The extraneous information showed that the accused had originally been charged

with burglary of a building armed with a shotgun, a first-degree felony, and burglary of a motor vehicle, but was convicted of burglary of a building, a second degree felony. The appellate court held that this information concerning the initial charge should have been excluded, and the jury allowed to consider only the accused's prior conviction. However, the appellate court also stated that the accused sustained no prejudice from counsel's failure to object because the State made no reference to the initial charge information and the record did not reflect that the jury requested or received the judgment of conviction.

In the present case, the record does not reflect that the State published the jail records to the jury, or that the jury either requested or received the jail records. We hold that appellant did not sustain any prejudice from counsel's failure to object to Exhibits 11–A, 12–A, and 13–A. *See Henson*, 734 S.W.2d at 120; *see also Davis v. State*, 642 S.W.2d 510, 513–14 (Tex.Crim. App.1982). Further, appellant had already pleaded true to the two enhancement allegations, and the State admitted into evidence three judgments of conviction, showing that appellant had been previously convicted of three other crimes. After reviewing the record as a whole, we conclude that trial counsel's representation of appellant, as it impacted the trial's punishment phase, was "reasonably effective."

■ By point two, appellant complains that he was denied effective assistance of counsel when trial counsel allowed the State to argue that his prior convictions involved violent facts. The thrust of appellant's complaint is that trial counsel was ineffective for failing to object to the State's remarks that his prior felony convictions for rape and aggravated assault on a peace officer were violent offenses. The State is allowed to engage in four general areas of permissible jury argument: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to opposing counsel's argument; or (4) plea for law enforcement. *Briddle v. State*, 742 S.W.2d 379, 389 (Tex.Crim.App.1987), *cert. denied*, 488 U.S. 986, 109 S.Ct. 543, 102

L.Ed.2d 573 (1988); *Borrego v. State,* 800 S.W.2d 373, 377 (Tex.App.—Corpus Christi 1990, pet. ref'd).

In the present case, the State, after calling the jury's attention to appellant's prior convictions for rape and aggravated assault on a peace officer, characterized appellant's past criminal record as violent. This was a reasonable deduction from the evidence adduced at the punishment stage. Further, these remarks were not manifestly improper, did not violate a mandatory statute, and did not inject new facts, harmful to appellant. *See Wisdom v. State,* 708 S.W.2d 840, 845 (Tex.Crim. App.1986) (Court held that rape was a crime of violence, *per se* ); *Ortega v. State,* 792 S.W.2d 145, 148–49 (Tex.App.—Amarillo 1990, pet. ref'd) (court held that aggravated assault was, as a matter of law, a felony involving violence or threatened violence to person or property). We conclude that the State's remarks were permissible. We therefore hold that appellant was not denied effective assistance of counsel in this instance.

The trial court's judgment is AFFIRMED.