Carlos Alberto GARCIA, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–94–127–CR.

Court of Appeals of Texas, Corpus Christi.

March 2, 1995.

Ricardo Alanis, McAllen, for appellant.

Rene Guerra, Dist. Atty., Theodore C. Hake, Traci A. Sellman, Asst. Dist. Attys., Edinburg, for appellee.

Before DORSEY, YAÑEZ and RODRIGUEZ, JJ.

## OPINION

YAÑEZ, Justice.

Appellant, Carlos Alberto Garcia, appeals from a conviction for possession of cocaine under twenty-eight grams. After the trial court denied his motion to suppress, appellant plead guilty to the charge. The court assessed punishment at five years probation and a $1,500.00 fine. By a single point of error, appellant claims that the district court erred by denying his motion to suppress the cocaine evidence.

At the hearing on the motion to suppress, the parties agreed to stipulated facts as contained in the Department of Public Safety's Report of Investigation. The report recounted the circumstances leading up to the officers' initial stop of appellant, and appellant's subsequent arrest.

On March 10, 1993, two D.P.S. officers received information from a U.S. Immigra-

tion and Naturalization Officer about possible illegal drug activity in Hidalgo County. The I.N.S. officer told the D.P.S. officers that a blue 1989 Chevrolet pickup bearing a Texas registration number AHO–067 would be traveling to a residence in either Hidalgo, Texas or Edinburg, Texas. The I.N.S. officer believed that one of the residences was possibly a storage point for narcotics.

The next day the officers located the blue Chevrolet truck at the Edinburg residence and began surveillance of the automobile. At approximately 9:30 a.m. that same day, the officers witnessed a male, the appellant, enter the truck and drive away from the residence. The officers continued their surveillance by following the truck. After leaving the residence, the appellant visited a Little Ceasar's Pizza restaurant in Edinburg, and then traveled to a residence in McAllen, Texas.· At approximately 11:18 a.m. the appellant left the McAllen residence and drove to a Texaco convenience store. Upon leaving the Texaco, one of the officers on surveillance stopped appellant for "identification purposes only." Using his emergency equipment, the officer stopped the blue Chevrolet truck. While attempting to obtain identification from the driver, the officer noticed a white powdery substance in a clear plastic container in appellant's wallet. Appellant then dropped the wallet and the officer retrieved the plastic container. Suspecting cocaine, the officer arrested the appellant for possession of a controlled substance.

■ Appellant argues that this stop for identification purposes violated his constitutional rights under the Fourth Amendment of the U.S. Constitution, and the trial court should have granted his motion to suppress the evidence obtained from that stop. An appellate court, when reviewing a ruling on a motion to suppress evidence, defers to the trial court's findings. *Davis v. State,* 829 S.W.2d 218, 220 (Tex.Crim.App.1992). Absent a clear abuse of discretion, the ruling on the admissibility of evidence will not be dis-

turbed. *Rivera v. State,* 808 S.W.2d 80, 96 (Tex.Crim.App.1991).

The State first argues that it legally stopped appellant pursuant to a state statute that allows police officers to determine whether automobile drivers have a valid license. The statute states,

Section 13. Every person shall have the driver's license appropriate for the class of vehicle being operated in his immediate possession at all times when operating a motor vehicle and shall display the same upon demand of a magistrate or any officer of a court of competent jurisdiction or any peace officer.

\* \* \*

Any peace officer may stop and detain any motor vehicle operator for the purpose of determining whether such person has a driver's license as required by this Section.

TEX.REV.CIV.STAT.ANN. art. 6687b, § 13 (Vernon Supp.1994).

■ When the police stop an automobile and detain its occupants, they are conducting a "seizure" within the meaning of the Fourth and Fourteenth Amendments. *Delaware v. Prouse,* 440 U.S. 648, 655, 99 S.Ct. 1391, 1396, 59 L.Ed.2d 660 (1979). While the statute relied upon by the State purports to give peace officers the right to stop and detain motorists for the limited purpose of checking their driver's or operator's licenses, it does not authorize fishing expeditions. *Meeks v. State,* 692 S.W.2d 504, 508 (Tex.Crim.App. 1985). A driver's license check may not be used as a subterfuge to cover up an unlawful stop based on mere suspicion unsupported by articulable facts necessary for an investigative detention. *Id.* The mere asking for a driver's license will not validate the stopping of an automobile if it is clear the driver's license check was not the reason for detention. *Id.*

■ In this case, the officer who stopped appellant stated that he did so for "identification purposes only." Appellant had not committed any traffic violations. There was also no evidence that the police officer suspected appellant was unlicensed or the automobile unregistered. Moreover, the stop was not conducted at a road block or a check point.

Rather, appellant alone was stopped amid traffic. The U.S. Supreme Court, under almost identical circumstances has held,

> [E]xcept in those situations in which there are at least articulable and reasonable suspicion that a motorist is unlicensed or that an automobile is not registered, or that either the vehicle or an occupant is otherwise subject to seizure for violation of law, stopping an automobile and detaining the driver in order to check his driver's license and the registration of the automobile *are unreasonable under the Fourth Amendment.*
>
> * * * * * *
>
> We hold only that persons in automobiles on public roadways may not for that reason alone have their travel and privacy interfered with at the unbridled discretion of police officers.

*Prouse,* 440 U.S. at 663, 99 S.Ct. at 1401 (emphasis added). Furthermore, appellant was under surveillance for possibly storing drugs. The statute does not authorize "fishing expeditions" where police have only a mere suspicion and have failed to obtain a warrant. The State argues that our previous decision in *Fonseca* allowed the stop of an automobile solely based on Article 6687b, § 13. *Fonseca v. State,* 881 S.W.2d 144 (Tex. App.—Corpus Christi 1994, no pet.). The State is incorrect. In that case, we found that police officers following an automobile had reasonable suspicion to make an investigatory stop. *Fonseca,* 881 S.W.2d at 150. We also found that information given by a previously reliable informant that the defendant was engaging in illegal activity *in his automobile, combined with* appellants' subsequent actions which corroborated the information of illegal activity, gave law enforcement officers cause to stop the vehicle. *Id.* Therefore, to authorize a stop under Article 6687b, § 13, we find that there must be at least an articulable and reasonable suspicion that a motorist is unlicensed or that an automobile is not registered, or that either the vehicle or an occupant is otherwise subject to seizure for violation of law.

The State argues that the police officers had reasonable suspicion to stop appellant while in his automobile. Thus, we will now address whether under these facts the police officers had at least reasonable suspicion to stop appellant. If the officers did have reasonable suspicion, a stop under Article 6687b, § 13 would have been authorized.

■ An officer may temporarily stop and investigate a vehicle if the officer has reasonable suspicion based on articulable facts that the detainee is connected to unusual activity with some indication that the activity is related to crime. *Terry v. Ohio,* 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968); *Stone v. State,* 703 S.W.2d 652, 654 (Tex. Crim.App.1986). The test for "reasonable suspicion" requires consideration of the totality of the circumstances confronting the police. *Williams v. State,* 839 S.W.2d 469, 471 (Tex.App.—Corpus Christi 1992, pet. ref'd).

■ It is undisputed that the D.P.S. officer stopped appellant for "identification purposes only." Appellant had committed no traffic violations. There was no evidence that the police officer suspected appellant was unlicensed or that the automobile was unregistered. Thus, we must determine whether either the vehicle or appellant was otherwise subject to seizure for violation of law. That is, did the officers have reasonable suspicion to stop appellant in his car based on the I.N.S. officer's information and the D.P.S. officer's experience and general knowledge and independent observations. In order to justify an investigative stop, the officers are required by law to meet the standard that justifies the intrusion of an investigatory stop. That standard requires that before an officer is lawfully entitled to stop the vehicle driven by appellant, the officer must have specific, articulable facts which in light of their experience and general knowledge, together with rational inferences from those facts, would reasonably warrant law enforcement's intrusion on the appellant and the occupants of the vehicle he was driving when they stopped him. *Glass v. State,* 681 S.W.2d 599, 601 (Tex.Crim.App. 1984). Mere suspicions do not meet this test, but neither is absolute certainty required. *Id.*

■ The officers did not notice appellant engaging in any illegal activity or for that

matter in any suspicious activity when they followed him. They did, however, have a report from another law enforcement officer that a blue truck identified by license number would be parked at a specific address where drugs were "possibly" being stored. The vehicle was indeed parked at the residence. Yet, this information alone does not rise to reasonable suspicion. The officers did not have any reliable information that the truck was being used to transport drugs or that this particular defendant was involved in that activity. Although a reliable tip may justify reasonable suspicion when that tip indicates the defendant has or is about to commit an offense, there was no information here that connected appellant or the truck to the "possible" criminal activity of storing drugs. *Cf. Coats v. State,* 815 S.W.2d 715, 716 (Tex.Crim.App.1991) (reliable tip may raise reasonable suspicion to stop automobile where officer has information that defendant is in possession of drugs and where officer knew defendant's license had been suspended). In the instant case, the officer had no suspicions other than the I.N.S. officer's report that drugs were being stored *at the residence.* The officers made no observations nor had any articulable facts that might have connected appellant to the storing of drugs. Furthermore, the report stated only that drugs were "possibly" being stored. The D.P.S. officers had no other specific, articulable facts upon which to base their stop.

The State argues that we should consider the collective information known to all the law enforcement officers. We agree with that consideration. *See Devia v. State,* 718 S.W.2d 72, 73 (Tex.App.—Beaumont 1986, no pet.). Yet, the combined knowledge and information of the officers was nothing more than a mere suspicion. As discussed previously, the officers together only knew that drugs were "possibly" being stored at one of two residences, and that a certain truck would be parked at one of them. Although, the car was found at one of the residences, no suspicious behavior or circumstances were noted or communicated about appellant or the truck. We find under these circumstances that the officers' stop of appellant was unjustified.

Therefore, under the facts of this case, appellant's detention under Article 6687b, § 13 was not authorized, and the police did not have reasonable suspicion to stop appellant. Accordingly, the motion to suppress should have been granted. The trial court abused its discretion by not ruling in appellant's favor.

Judgment of the trial court is REVERSED, and we REMAND this case for proceedings consistent with this ruling.