STATE of Texas, Appellant,

v.

David Francisco PEREZ, Appellee.

No. 11–00–00264–CR.

Court of Appeals of Texas, Eastland.

Aug. 23, 2001.

James Eidson, Criminal District Attorney, Kollin Shadle, Criminal District Attorney's Office, Abilene, for Appellant.

David W. Thedford, Thedford & Hatchett, Abilene, for Appellee.

Panel consists of ARNOT, C.J., and WRIGHT and McCALL, JJ.

ARNOT, III, Chief Justice.

David Francisco Perez was charged by indictment with felony possession of marihuana. The State appeals the trial court's granting of Perez's motion to suppress. The trial court suppressed the evidence based on an unreasonable investigative stop, an unlawful arrest, and a warrantless search prior to consent being given. Because the description of the suspect and Perez were so dissimilar and because, considering the totality of the circumstances, the officer did not have specific, articulable facts on which to base the original detention of appellant, we affirm.

The trial court's findings of fact are not challenged. Abilene Police Officer Kevin Pyeatt and Agent Mark Bradley Watson testified at the suppression hearing. Officer Pyeatt received a radio dispatch instructing him to assist in a theft, a purse snatching, that had occurred near the

Wal–Mart Supercenter close to where Officer Pyeatt was patrolling. Officer Ann Young, who was at the scene of the offense, gave the description of the suspect. The suspect was described as a white male wearing a short-sleeved, light-colored T-shirt; light-colored pants; and a navy blue toboggan-style cap. The suspect had left on foot headed north. Officer Pyeatt continued his search to the Fairmont apartment complex located one-half mile from the Wal–Mart Supercenter.

Officer Pyeatt saw Perez walking through the apartment complex. Officer Pyeatt slowed his patrol car as he passed. Perez stopped and looked at Officer Pyeatt. Officer Pyeatt stated that he was not able to "accurately one hundred percent either rule [Perez] in or out" as the suspect. When Officer Pyeatt turned his car around for a closer look, Perez ran into an apartment. Perez was wearing a blue and white short-sleeved shirt and a blue baseball cap. The trial court found that Perez did not match the description of the purse snatcher.

Officer Pyeatt called for backup. Officer Pyeatt went to the apartment and knocked on the door. When Perez opened the door, Officer Pyeatt stated that he could smell marihuana. Perez stepped out onto the landing as Officer Pyeatt continued to question him. Perez was evasive and uncooperative but denied being involved in the purse snatching. Two other officers, Agent Watson and Deputy Henderson, arrived as backup. The three officers went into the apartment with Perez and placed him under arrest for possession of marihuana. Officer Pyeatt and Deputy Henderson began a protective cursory sweep of the apartment. Deputy Henderson opened a linen closet door and discovered a plastic bag of marihuana sit-

ting on one of the shelves. At this time, the officers asked Perez for consent to search. Perez consented. After the consent, Perez surrendered other items of contraband.

The trial court concluded that Officer Pyeatt did not have reasonable suspicion to contact Perez. We agree.

In reviewing a trial court's ruling on a motion to suppress, appellate courts must give great deference to the trial court's findings of historical facts as long as the record supports the findings. *Guzman v. State*, 955 S.W.2d 85 (Tex.Cr.App. 1997). We must afford the same amount of deference to the trial court's rulings on "mixed questions of law and fact," such as the issue of probable cause, if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. *Guzman v. State, supra* at 89. Appellate courts, however, review de novo "mixed questions of law and fact" not falling within the previous category. *Guzman v. State, supra*. When faced with a mixed question of law and fact, the critical question under *Guzman* is whether the ruling "turns" on an evaluation of credibility and demeanor. *Loserth v. State*, 963 S.W.2d 770, 773 (Tex. Cr.App.1998). A question "turns" on an evaluation of credibility and demeanor when the testimony of one or more witnesses, if believed, is always enough to add up to what is needed to decide the substantive issue. *Loserth v. State, supra*. We must view the record in the light most favorable to the trial court's ruling and sustain the trial court's ruling if it is reasonably correct on any theory of law applicable to the case. *Guzman v. State, supra*.

The case of *Cortinas v. State*, 571 S.W.2d 932 (Tex.Cr.App.1978), is dispositive of the issue before us.[1] In *Cortinas*,

1. Suspicious activity alone is insufficient for a police officer to detain a person if the description of the suspect does not match. *Cortinas v. State, supra*. The State asserts that *Corti-*

the officer received a radio report of an armed robbery and stopped a suspect. A police officer may detain a person temporarily for investigative purposes if the circumstances reasonably indicate that the person has or is preparing to commit a crime. A temporary detention must be based on specific articulable facts, together with rational inferences, that would reasonably warrant further detention. In *Cortinas*, the suspect was described as a black male armed with a knife, carrying a quart bottle of beer, and wearing a grey shirt and blue jeans. The court said:

> Officer Dunn was understandably suspicious when he first saw appellant, since he was in close proximity to the crime scene and was carrying a sack which could (and, in fact, did) contain a quart bottle of beer. But upon stopping appellant, Dunn immediately saw that he did not fit the description of the robber: he was not black and was not wearing a grey shirt. At that point, Dunn did not have specific, articulable facts on which to base the further detention of appellant.

*Cortinas v. State, supra* at 933.

As in *Cortinas*, the trial court found that Perez did not match the description of the suspect. Perez was wearing a blue baseball cap, not a toboggan-style cap, and a blue and white short-sleeved shirt, not a light-colored T-shirt. There is no indication that Perez was wearing light-colored pants. Consequently, Officer Pyeatt did not have specific articulable facts to initiate an investigation or to detain Perez. We affirm the trial court's ruling on the motion to suppress.

The order granting the motion to suppress is affirmed.

---

*nas* is inapplicable because in *Illinois v. Wardlow*, 528 U.S. 119, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000), the Supreme Court held that unprovoked flight is sufficient to make an investigative stop. However, in *Wardlow*, the

Court noted that unprovoked flight was to be considered in context of the surrounding circumstances. Unlike the surrounding circumstances as discussed in *Wardlow*, Perez did not exhibit any articulable suspicious activity.