**STATE of Texas, Appellant,**

v.

**David Francisco PEREZ, Appellee.**

No. 11–00–00264–CR.

Court of Appeals of Texas, Eastland.

March 20, 2003.

David W. Thedford, Thedford & Hatchett, Abilene, for appellant.

James Eidson, Criminal Dist. Atty., Patricia Dyer, Appellate Section Criminal Dist. Atty's Office, Abilene, for appellee.

Panel consists of ARNOT, C.J., and WRIGHT, J., and McCALL, J.

Opinion

W.G. ARNOT, III, Chief Justice.

*On Remand*

Abilene Police Officer Kevin Pyeatt was on patrol looking for a suspect in a recent purse snatching incident. As he was passing an apartment complex, Officer Pyeatt saw David Francisco Perez and slowed down to get a better look at Perez. Perez did not exactly match the description of the suspect that Officer Pyeatt had. Perez stopped, looked at the officer, and ran into Apartment No. 1916. Officer Pyeatt followed and knocked on the apartment door. When Perez opened the door, Officer Pyeatt smelled marihuana. Perez later consented to a search of the apartment, and officers recovered a large bag of marihuana and various contraband items.

The trial court granted Perez's motion to suppress on the grounds that Officer Pyeatt did not have a reasonable suspicion to contact Perez. This court affirmed the trial court's ruling, holding that the police officer did not have specific, articulable facts on which to base the original detention of Perez. *State v. Perez*, 56 S.W.3d 796 (Tex.App.-Eastland 2001).

In *State v. Perez*, 85 S.W.3d 817 (Tex.Cr. App.2002), the Court of Criminal Appeals determined that Officer Pyeatt did not have to have a reasonable suspicion before knocking on the apartment door he saw Perez enter. The Court of Criminal Appeals reversed the judgment of this court

and remanded the cause for further consideration consistent with its opinion.

The parties have not filed supplemental briefs on remand. Therefore, we will re-examine the State's sole issue in its original brief that the trial court abused its discretion by granting the motion to suppress in light of the Court of Criminal Appeals's opinion.

The State contends that Officer Pyeatt did not need to have any standard of suspicion to knock on the apartment door. The State characterizes the knocking on the door as a "non-detention contact." The Court of Criminal Appeals has agreed with the State's characterization and held that reasonable suspicion was not required. Therefore, the issue is sustained.

The order of the trial court granting the motion to suppress is reversed, and the cause is remanded to the trial court.