NO. 07-05-0261-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 29, 2005



______________________________



RAMIRO RUIZ, JR., APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 222ND DISTRICT COURT OF DEAF COUNTY;



NO. CR-04K-157; HONORABLE ROLAND SAUL, JUDGE


_______________________________




Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant, Ramiro Ruiz, Jr., appeals from his conviction for Felony Evading
Detention, enhanced. Sentence was imposed on June 6, 2005. We will dismiss the appeal
for want of jurisdiction.

 Our appellate jurisdiction over a criminal appeal is triggered through a timely notice
of appeal. Olivo v. State, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). In the absence of
a notice of appeal timely filed in compliance with the requirements of Rule of Appellate
Procedure 26, a court of appeals does not obtain jurisdiction to address the merits of the
appeal in a criminal case and can take no action other than to dismiss the appeal. Slaton
v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998). As applicable here, Rule of Appellate
Procedure 26.2(a) requires a notice of appeal in a criminal case be filed within 30 days after
the day sentence is imposed or suspended in open court, or within 90 days after imposition
of the sentence if a timely motion for new trial is filed. Rule 26.3 allows for an extension
of time if the appellant files a notice of appeal with the trial court within 15 days after the
deadline for filing the notice of appeal and files a motion for extension with the appellate
court. 

 Here, the record reflects that the trial court imposed sentence on appellant on June
6, 2005. Since no motion for new trial was filed, appellant's notice of appeal was due July
6, 2005. The notice of appeal was filed July 18, 2005. No motion for extension of time
was filed. Tex. R. App. P. 26.3. On July 25, 2005, this court notified the parties that the
notice of appeal in this matter appears to have been filed untimely. The court directed
counsel to file any documents or matters considered necessary for the court to determine
its appellate jurisdiction on or before August 15, 2005. This court has received nothing
from the parties. Appellant's failure to file a timely notice of appeal or to meet the
requirements for an extension under Rule 26.3 prevents this court from having jurisdiction
over his appeal. Slaton, 981 S.W.2d at 210. 



 Consequently, the appeal is dismissed for want of jurisdiction. 


 James T. Campbell

 Justice


Do not publish. 



              Appellant

v.

THE STATE OF TEXAS, 

                                                                                                 Appellee
_________________________________

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-411,845; HON. JIM B. DARNELL, PRESIDING
_______________________________

Memorandum Opinion

_______________________________


Before QUINN, C.J., CAMPBELL, J., and BOYD, S.J.



          Phillip K. Crumley was convicted of possessing a controlled substance with intent
to deliver and of possessing chemical precursors with the intent to unlawfully manufacture
a controlled substance. He appeals from those convictions by challenging the trial court’s
denial of his motion to suppress. We reverse the judgments of the trial court. 
          Background
          Sometime during regular office hours at the Lubbock Police Department on October
17, 2005, Narcotics Officer Opaitz noticed the smell of ether and ammonia on appellant
when appellant was in the building. Before Officers Maldonado and Doherty began their
shift at 11:00 p.m., Opaitz told them he suspected appellant of manufacturing
methamphetamine, gave them appellant’s address and a description of his vehicle, and
asked them to go to appellant’s residence and see if they could detect those odors there. 
The officers proceeded to the residence. As they stood outside their patrol car, they
observed a white Mustang matching the description of appellant’s vehicle pass them. They
watched the vehicle and observed it come to a stop and turn without properly signaling the
turn. That being a traffic violation, the officers initiated a traffic stop. 
          Upon being stopped, appellant swung his feet outside the vehicle as if to exit. At
that point, he was directed to remain in the car. By 2:04 a.m., the officers had completed
issuing him a ticket and checking his background. Yet, they did not release him. Instead,
appellant and his passenger were detained for an additional seventeen minutes for a drug
dog to arrive at the scene and perform an open air sniff. When the dog arrived, it
eventually alerted on the trunk of appellant’s vehicle. Thereafter, the officer conducted a
search of the vehicle and located methamphetamine and other drug paraphernalia in the
trunk as well as pseudoephedrine under the driver’s seat. 
          Appellant moved to suppress the evidence discovered, contending that the search
was unlawful. The trial court disagreed and denied the motion. That decision forms the
basis of this appeal.
 
          Standard of Review
          We review the trial court’s ruling on a motion to suppress by affording great
deference to the interpretation and weighing of historical facts. Ford v. State, 158 S.W.3d
488, 493 (Tex. Crim. App. 2005). Included in this deference is an assessment of the
credibility of the witnesses and the authority to disbelieve both controverted as well as
uncontroverted testimony. State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). 
However, the same deference is not afforded to the trial court’s application or interpretation
of the law which is reviewed de novo. Ford v. State, 158 S.W.3d at 493. 
          Next, appellant attacked three matters under his motion to suppress: 1) the validity
of the traffic stop, 2) the legality of his detention until the arrival of the drug dog, and 3) the
reliability of the drug dog. We review the second contention for it is dispositive. 
          Detention Until Arrival of Drug Dog
          Appellant argues that once the purposes of the traffic stop had ceased, the officers
had no reasonable suspicion upon which to detain him until the arrival of the drug dog. We
agree. An investigative detention is temporary and must last no longer than necessary to
effectuate the purposes of the stop. Davis v. State, 947 S.W.2d 240, 244 (Tex. Crim. App.
1997). Furthermore, reasonable suspicion is required after a traffic stop to prolong the
detention once the purpose of the stop has been completed. Haas v. State, 172 S.W.3d
42, 52 (Tex. App.–Waco 2005, pet. ref’d); McQuarters v. State, 58 S.W.3d 250, 256 (Tex.
App.–Fort Worth 2001, pet. ref’d). Here the evidence shows that the officers completed
the matters related to the traffic offense but continued to detain appellant and his
passenger for an additional seventeen minutes. The officer’s reasons for doing so were:
1) the fact that ether and ammonia had been smelled on appellant at some unknown time
the previous day, and 2) the fact that appellant initially swung his legs out of the vehicle in
an attempt to exit the vehicle which the officers believed signified his intent to draw them
away from the vehicle. 
          In Davis v. State, 947 S.W.2d at 246, the court found the continued detention of a
vehicle for the arrival of a drug dog was unreasonable when the officers, who had originally
stopped the vehicle for suspicion that the driver was intoxicated, had determined that the
driver was not intoxicated, that the car was not stolen, that the insurance papers were in
proper order, and that there was no odor of alcohol or drugs emanating from the vehicle. 
This conclusion was reached by the court in spite of the fact that the officers determined
that the defendant was traveling at night in a borrowed car, appeared nervous, told a story
that could be seen as inconsistent with that of his passenger, was dressed inappropriately
considering his explanation for his trip, and immediately got out of the vehicle when it
stopped and attempted to distance himself from his vehicle. We have fewer articulable
facts in the case before us, and because of that and the fact that the Court of Criminal
Appeals found the search illegal in Davis, we have no choice but to hold the detention and
search impermissible here.
           It is true that officers may rely on information provided by other officers for
reasonable suspicion. Coleman v. State, 188 S.W.3d 708, 718 (Tex. App.–Tyler 2005, pet.
ref’d). Yet, the suspicious odors had been smelled on appellant an unknown number of
hours earlier, and Opaitz did not testify or provide any other details regarding his
observations. Nor was there indication that the officers smelled any suspicious odors at
appellant’s residence, on his person, or in the car at the time of the traffic stop. Thus,
there was nothing corroborating the information of Opaitz. Nor was there any indication
that appellant’s vehicle was being used to transport or manufacture drugs. See Garcia v.
State, 894 S.W.2d 865, 868-69 (Tex. App.–Corpus Christi 1995, no pet.) (stating that even
though there was a report from a law enforcement officer that a blue truck identified by
license number would be parked at a specific location where drugs were possibly stored
and the officers observed the truck at that location, there was no reasonable suspicion that
the truck was being used to transport drugs or that appellant was involved). 
          Accordingly, we find that the officers did not have reasonable suspicion to detain
appellant while they awaited the drug dog, reverse the judgments of the trial court, and
remand the cause for further proceedings.
 
                                                                           Brian Quinn 
                                                                          Chief Justice
 
Do not publish.