NO. 07-07-0203-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

FEBRUARY 14, 2008

_____

PHILLIP K. CRUMLEY,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-411,845; HON. JIM B. DARNELL, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., CAMPBELL, J., and BOYD, S.J.[1]

Phillip K. Crumley was convicted of possessing a controlled substance with intent to deliver and of possessing chemical precursors with the intent to unlawfully manufacture a controlled substance. He appeals from those convictions by challenging the trial court's denial of his motion to suppress. We reverse the judgments of the trial court.

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. §75.002(a)(1) (Vernon 2007).

*Background*

Sometime during regular office hours at the Lubbock Police Department on October 17, 2005, Narcotics Officer Opaitz noticed the smell of ether and ammonia on appellant when appellant was in the building. Before Officers Maldonado and Doherty began their shift at 11:00 p.m., Opaitz told them he suspected appellant of manufacturing methamphetamine, gave them appellant's address and a description of his vehicle, and asked them to go to appellant's residence and see if they could detect those odors there. The officers proceeded to the residence. As they stood outside their patrol car, they observed a white Mustang matching the description of appellant's vehicle pass them. They watched the vehicle and observed it come to a stop and turn without properly signaling the turn. That being a traffic violation, the officers initiated a traffic stop.

Upon being stopped, appellant swung his feet outside the vehicle as if to exit. At that point, he was directed to remain in the car. By 2:04 a.m., the officers had completed issuing him a ticket and checking his background. Yet, they did not release him. Instead, appellant and his passenger were detained for an additional seventeen minutes for a drug dog to arrive at the scene and perform an open air sniff. When the dog arrived, it eventually alerted on the trunk of appellant's vehicle. Thereafter, the officer conducted a search of the vehicle and located methamphetamine and other drug paraphernalia in the trunk as well as pseudoephedrine under the driver's seat.

Appellant moved to suppress the evidence discovered, contending that the search was unlawful. The trial court disagreed and denied the motion. That decision forms the basis of this appeal.

*Standard of Review*

We review the trial court's ruling on a motion to suppress by affording great deference to the interpretation and weighing of historical facts. *Ford v. State,* 158 S.W.3d 488, 493 (Tex. Crim. App. 2005). Included in this deference is an assessment of the credibility of the witnesses and the authority to disbelieve both controverted as well as uncontroverted testimony. *State v. Ross,* 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). However, the same deference is not afforded to the trial court's application or interpretation of the law which is reviewed *de novo. Ford v. State,* 158 S.W.3d at 493.

Next, appellant attacked three matters under his motion to suppress: 1) the validity of the traffic stop, 2) the legality of his detention until the arrival of the drug dog, and 3) the reliability of the drug dog. We review the second contention for it is dispositive.

*Detention Until Arrival of Drug Dog*

Appellant argues that once the purposes of the traffic stop had ceased, the officers had no reasonable suspicion upon which to detain him until the arrival of the drug dog. We agree. An investigative detention is temporary and must last no longer than necessary to effectuate the purposes of the stop. *Davis v. State,* 947 S.W.2d 240, 244 (Tex. Crim. App. 1997). Furthermore, reasonable suspicion is required after a traffic stop to prolong the detention once the purpose of the stop has been completed. *Haas v. State,* 172 S.W.3d 42, 52 (Tex. App.–Waco 2005, pet. ref'd); *McQuarters v. State,* 58 S.W.3d 250, 256 (Tex. App.–Fort Worth 2001, pet. ref'd). Here the evidence shows that the officers completed the matters related to the traffic offense but continued to detain appellant and his passenger for an additional seventeen minutes. The officer's reasons for doing so were:

3

1) the fact that ether and ammonia had been smelled on appellant at some unknown time the previous day, and 2) the fact that appellant initially swung his legs out of the vehicle in an attempt to exit the vehicle which the officers believed signified his intent to draw them away from the vehicle.

In *Davis v. State,* 947 S.W.2d at 246, the court found the continued detention of a vehicle for the arrival of a drug dog was unreasonable when the officers, who had originally stopped the vehicle for suspicion that the driver was intoxicated, had determined that the driver was not intoxicated, that the car was not stolen, that the insurance papers were in proper order, and that there was no odor of alcohol or drugs emanating from the vehicle. This conclusion was reached by the court in spite of the fact that the officers determined that the defendant was traveling at night in a borrowed car, appeared nervous, told a story that could be seen as inconsistent with that of his passenger, was dressed inappropriately considering his explanation for his trip, and immediately got out of the vehicle when it stopped and attempted to distance himself from his vehicle. We have fewer articulable facts in the case before us, and because of that and the fact that the Court of Criminal Appeals found the search illegal in *Davis*, we have no choice but to hold the detention and search impermissible here.

It is true that officers may rely on information provided by other officers for reasonable suspicion. *Coleman v. State,* 188 S.W.3d 708, 718 (Tex. App.–Tyler 2005, pet. ref'd). Yet, the suspicious odors had been smelled on appellant an unknown number of hours earlier, and Opaitz did not testify or provide any other details regarding his observations. Nor was there indication that the officers smelled any suspicious odors at appellant's residence, on his person, or in the car at the time of the traffic stop. Thus,

4

there was nothing corroborating the information of Opaitz. Nor was there any indication that appellant's vehicle was being used to transport or manufacture drugs. *See Garcia v. State,* 894 S.W.2d 865, 868-69 (Tex. App.–Corpus Christi 1995, no pet.) (stating that even though there was a report from a law enforcement officer that a blue truck identified by license number would be parked at a specific location where drugs were possibly stored and the officers observed the truck at that location, there was no reasonable suspicion that the truck was being used to transport drugs or that appellant was involved).

Accordingly, we find that the officers did not have reasonable suspicion to detain appellant while they awaited the drug dog, reverse the judgments of the trial court, and remand the cause for further proceedings.

Brian Quinn
Chief Justice

Do not publish.