Bobby James WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–81–00344–CR.

Court of Appeals of Texas,
Dallas.

Jan. 20, 1982.

Thomas J. Turner, Dallas, for appellant.

R. Kristin Weaver, Asst. Dist. Atty., Dallas, for appellee.

Before ROBERTSON, STEPHENS and VANCE, JJ.

VANCE, Justice.

Appeal is from a conviction for unlawful possession of a firearm by a felon. The jury assessed punishment at three years. Appellant complains by three grounds of error of the admission of evidence allegedly obtained as a result of an illegal search and seizure. We hold the evidence was obtained pursuant to a warranted investigatory stop and consequently affirm.

At approximately 12:45 a.m. on February 28, 1980, two Dallas police officers on patrol pulled into a 7-11 store. They were met by an excited woman. She related that a man had a gun. She stated that he was a black man wearing a green and white ski cap, red and white plaid pants, white jacket and sunglasses, and was walking west on Grand Avenue. The officers located a man wearing clothing of the same description on Grand three blocks west of the 7-11 store. The appellant was walking west with his hands in his coat pocket. "A little concerned about" the appellant's hands being in his pockets, one of the officers called from the car for the appellant to pull out his hands. The appellant removed only his left hand. The officer then got out of the car, placed his hand on his gun, and told the appellant a second time to remove his hands. The appellant then withdrew his right hand slowly. Appellant was "frisked" and upon feeling something hard like a weapon the officer reached into the right coat pocket. A .22 caliber revolver was found in the pocket.

A police officer in circumstances short of probable cause for arrest may justify temporary detention for the purpose of investigation since an investigation is considered to be a lesser intrusion upon the personal security. *Adams v. Williams*, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972); *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Milton v. State*, 549 S.W.2d 190, 193 (Tex.Cr.App. 1977); *Leighton v. State*, 544 S.W.2d 394 (Tex.Cr.App.1976). The detention is justified if the law enforcement officer has specific articulable facts, which in light of his experience and general knowledge, together with rational inference from those facts would reasonably warrant the intrusion on the freedom of the citizen stopped for further investigation. *Terry v. Ohio, supra; Milton v. State, supra.*

The specific and articulable circumstance which justified this investigatory stop was solely and exclusively the tip of an informant. The woman relayed all that was necessary to constitute criminal activity, unlawful possession of a weapon. Tex. Penal Code Ann. art. 46.02 (Vernon 1978) The appellant was stopped nearby wearing clothing precisely matching the detailed description of the man alleged to be carrying a pistol. *Milton v. State*, 549 S.W.2d 190 (Tex.Cr.App.1977). In *Cortinas v. State*, 571 S.W.2d 932 (Tex.Cr.App.1978) the suspect when stopped did not match the description given by the informant (white man instead of black), consequently, the officer no longer had specific, articulable facts on which to base the further detention of appellant. In the present case, the informant, although unknown to the officers, is held to be sufficiently reliable because she came forward in person to give the officers the information. *United States v. Sierra-Hernandez*, 581 F.2d 760 (9th Cir. 1978) cert. denied 439 U.S. 936, 99 S.Ct. 333, 58 L.Ed.2d 333 (1978). The officers had sufficient reasonable grounds to justify an investigatory stop. *See also Ebarb v. State*, 598 S.W.2d 842 (Tex.Cr.App.1979).

In the course of such a temporary detention, an officer may conduct a limited search for weapons where it is reasonably warranted for his safety or the safety of

others. *Terry v. Ohio, supra; Cortinas v. State, supra; Perez v. State,* 548 S.W.2d 47 (Tex.Cr.App.1977). The appellant, under suspicion for unlawfully possessing a handgun, was being uncooperative with the officer in refusing to remove his right hand from his coat pocket. The officer's concern for his safety justified having the appellant move his hands out in the open and the "frisk." *Crawford v. State,* 544 S.W.2d 163 (Tex.Cr.App.1976). The evidence complained of by appellant was obtained during a warranted investigatory stop.

Affirmed.