**Alodio BARRAZA, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 892–87.

Court of Criminal Appeals of Texas, En Banc.

June 20, 1990.

---

Nate Rhodes, Corpus Christi, for appellant.

Carlos Valdez, County Atty., Robert J. Gonzalez, Jay M. Wright, Asst. County Attys., Corpus Christi, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

### PER CURIAM.

A jury found appellant, Alodio Barraza, Jr., guilty of driving while intoxicated. The trial court placed him on probation for two years and assessed a fine of $360.00. He appealed to the Corpus Christi Court of Appeals asserting the trial court had erred in refusing to grant his motion to quash the information because it failed to allege the manner of intoxication. The Court of Appeals upheld the trial court's denial of appellant's motion to quash, *Barraza v. State*, 733 S.W.2d 379, 382 (Tex.App.—Corpus Christi 1987), and we granted appellant's petition for discretionary review to examine the lower appellate court's opinion. We affirm.

Appellant was charged by information with driving while intoxicated, conduct proscribed by Article 6701*l*-1, V.A.C.S. The information alleged that appellant "did then and there while intoxicated, drive and operate a motor vehicle in a public place." "Intoxication" is defined by statute as:

> "(A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a combination of two or more of those substances into the body; or
>
> "(B) having an alcohol concentration of 0.10 or more."

Recently in *Solis v. State*, 787 S.W.2d 388 (Tex.Cr.App.1990), this Court held that a charging instrument need not allege which of the two ways a person is deemed to be intoxicated when charging an offense for driving while intoxicated. This Court determined:

> "Because the methods of proving intoxication by alcohol are set out statutorily and do not depend on any conduct committed by a defendant, other than introduction of alcohol into the body—which was already alleged—the State need not specify in the charging instrument whether it will use loss of faculties or alcohol content to prove the offense." 787 S.W.2d at 391.

Accord *State v. Winskey*, 790 S.W.2d 641 (Tex.Cr.App.1990). But see *Garcia v. State*, 747 S.W.2d 379, 381 (Tex.Cr.App. 1988) (charging instrument alleging offense under Article 6701*l*-1, V.A.C.S., subject to defendant's motion to quash for its failure to allege, either singularly or in the disjunctive, the specific intoxicant, i.e., "alcohol, a controlled substance, a drug, or a combination of two or more of those substances").

As such, the Court of Appeals correctly decided the trial court in this case did not err in refusing to quash the information for its failure to allege only one of the two ways in which appellant was intoxicated. The Court of Appeals' opinion is affirmed.

TEAGUE, J., dissents.