**The STATE of Texas, Appellant,**

v.

**Rickey Lee ADKINS, Appellee.**

**No. 2–91–207–CR.**

Court of Appeals of Texas,
Fort Worth.

April 28, 1992.

Tim Curry, Crim. Dist. Atty., C. Chris Marshall, Frank Webb, Robert Foran and Tanya S. Dohoney, Assts., Fort Worth, for State.

Kimberley S. Campbell, Fort Worth, for appellee.

Before MEYERS, DAY and FARRIS, JJ.

OPINION

MEYERS, Justice.

This is an appeal from the granting of a motion to suppress evidence. Appellee, Rickey Lee Adkins, was charged by information with the misdemeanor offense of driving while intoxicated. Adkins filed a motion to suppress evidence claiming that Officer Larry Boyd of the Arlington Police Department did not have reasonable suspicion to detain him. The trial court found the officer did not have reasonable suspicion to detain Adkins, and the State appeals.

We reverse and remand.

On May 27, 1990, at approximately 3:00 a.m. Sgt. Larry Boyd of the Arlington Police Department was parked in a parking lot located in the 2200 block of South Cooper Street in Arlington. An unidentified citizen approached Sgt. Boyd at this time, pointing to a brown Ford Mustang traveling northbound in the left-turn lane of 2200 South Cooper Street. The citizen informed Sgt. Boyd that the driver of the car appeared to be extremely intoxicated. The Mustang was approaching an intersection controlled by a traffic light.

Based on the information given by the citizen, Sgt. Boyd immediately decided to

initiate a traffic stop. Concerned that the possible DWI suspect might get away, the officer did not obtain the name or address of the concerned citizen. Officer Boyd observed that the vehicle had a flat tire that was badly damaged on the right rear wheel. Sgt. Boyd then pulled over the brown Ford Mustang. After pulling over the vehicle Sgt. Boyd identified the driver of the Mustang as the defendant, Rickey Lee Adkins, and detected a strong odor of alcohol on his breath. He administered three sobriety tests, which Adkins failed. Boyd then placed Adkins under arrest for driving while intoxicated. Sgt. Boyd stated he would have stopped the car even if it had not had a flat tire.

The State asserts six points of error in this appeal. In its first, second, and third points of error, the State claims that the trial court erred in its application of the United States and Texas Constitutions, and in its application of *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). In its fourth, fifth, and sixth points the State argues the trial court erred in concluding information provided by an informant did not establish reasonable suspicion, and failed to consider the facts corroborating the informant's information.

■ The issue on appeal is whether or not information from a concerned citizen is legally sufficient to establish reasonable suspicion to detain a suspect. Under *Adams v. Williams,* 407 U.S. 143, 147, 92 S.Ct. 1921, 1924, 32 L.Ed.2d 612, 617 (1972), an informant's tip may carry sufficient "indicia of reliability" to justify a *Terry* stop even though it may be insufficient to support an arrest or search warrant.[1] Some tips, however, require further investigation before a forcible stop of a suspect would be authorized. *Id.* at 147, 92 S.Ct. at 1924, 32 L.Ed.2d at 617–18. In *Alabama v. White,* the Court found that an anonymous tip corroborated by independent police work, exhibited sufficient indicia of reliability to make an investigatory stop.[2] *Alabama v.*

*White,* 496 U.S. 325, 110 S.Ct. 2412, 2413, 110 L.Ed.2d 301 (1990). The Court in *Illinois v. Gates,* 462 U.S. 213, 230, 103 S.Ct. 2317, 2328, 76 L.Ed.2d 527, 543 (1983) adopted a "totality of the circumstances" approach to determining whether an informant's tip establishes probable cause, whereby the informant's veracity, reliability, and basis of knowledge are highly relevant. Although in our case we are only considering if the officer had a reasonable suspicion, rather than probable cause to stop Adkins, the *Gates* factors are to be considered. *Alabama,* 496 U.S. at 325, 110 S.Ct. at 2414.

*Gates* also stated that an explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed firsthand, entitles an informant's tip to greater weight than might otherwise be the case. *Gates,* 462 U.S. at 234, 103 S.Ct. at 2330, 76 L.Ed.2d at 545.

■ The present case presents an interesting problem in light of the fact that the informant's tip was only corroborated by the officer's verifying the car's flat tire when he pulled behind it at the intersection. However, the fact that Sgt. Boyd received his tip from an informant who observed Adkins driving dangerously firsthand gives the informant's tip greater weight than an anonymous phone caller. And further, the fact that the officer did observe the flat tire before he made the stop, sufficiently corroborated the anonymous tip to furnish reasonable suspicion that Adkins was engaged in criminal activity.

■ An officer is entitled to make a temporary investigative detention if the officer reasonably suspects that some activity out of the ordinary has occurred, there is some suggestion to connect the person detained to the unusual activity, and some indication that the activity is related to a crime. *Barraza v. State,* 733 S.W.2d 379, 380 (Tex. App.—Corpus Christi 1987), *aff'd per curiam,* 790 S.W.2d 654 (Tex.Crim.App.1990).

---

1. In *Adams* the officer was approached by a person known to him and informed that an individual seated in a nearby vehicle was carrying narcotics and had a gun at his waist.

2. In *Alabama* an anonymous phone tip alerted officers that a woman was in possession of cocaine.

Adkins driving on the rim of his tire was an activity which was out of the ordinary and could connect a suspect to a criminal act. *See id.*

Additionally, Adkins' conduct of driving on his tire rim violates TEX.REV.CIV.STAT. ANN. art. 6701*d*, § 135(a) (Vernon 1977). Traffic offenses are considered sufficient to justify a stop. *See Howard v. State,* 599 S.W.2d 597, 599 (Tex.Crim.App. [Panel Op.] 1979) (failure to use proper turn signal gave officer probable cause to stop); *Barraza,* 733 S.W.2d at 380 (weaving within lane and improper turns establish reasonable suspicion).

A trial court's ruling on a motion to suppress will not be disturbed on appeal absent a showing of an abuse of discretion. *State v. Stevenson,* 784 S.W.2d 143, 145 (Tex.App.—Fort Worth 1990, no pet.). We find that in light of the totality of the circumstances the informant's tip observed firsthand, as corroborated, exhibited sufficient indicia of reliability to justify the investigatory stop of Adkins' car, thus the trial court abused its discretion in granting the motion to suppress. The State's first, second, third, fourth, fifth, and sixth points of error are sustained.

Judgment is reversed and remanded.

FARRIS, Justice, dissenting.

The issue on appeal is whether the trial court abused its discretion in sustaining Adkins' motion to suppress. The majority holds the trial court abused its discretion because Sergeant Boyd was justified in stopping Adkins' car based upon the anonymous informant's tip and Boyd's observation that Adkins was driving on a flat tire. I dissent because the majority opinion denies the trial court any discretion in the matter.

The majority cites a number of cases which involve a police officer's right to rely upon information from an unknown informant as probable cause to detain a suspect. None of those authorities goes as far as the majority opinion in holding that such information, standing alone, can be sufficient probable cause to stop a suspect. And none of those authorities compels a trial judge to put aside any reservations about the credibility of the State's case because of proof the police relied upon such information.

In this case the informant told Boyd he had been following a drunk driver and pointed to Adkins' car. The informant reported his assessment of what he had observed rather than his relaying to Boyd all that was necessary to constitute criminal activity. *Compare Williams v. State,* 629 S.W.2d 146, 147 (Tex.App.—Dallas 1982, no pet.) (in an unlawful possession of a firearm case, an unidentified witness told police that suspect had a gun). The majority sees the fact that Adkins was driving on a flat tire as corroboration of the anonymous tip. However, in the exercise of its discretion, the trial court may have found driving on a flat tire at 3:00 in the morning was not a circumstance which would support a reasonable suspicion the driver was intoxicated. Perhaps the trial court found that, in all probability, driving on a flat at that hour could reflect the driver's fear of the risk involved in stopping to change the tire as well as the possibility of his wrongdoing. Further, the trial court heard Boyd's testimony that: he did not observe Adkins commit any traffic violations; he would have stopped Adkins even if there was not a flat tire; and there was another officer in a car ahead of Adkins who was in position to observe and, if necessary, pursue Adkins.

In addition, the majority ignores Boyd's testimony that he did not see Adkins commit a traffic violation and insists Boyd had probable cause to stop Adkins because he was driving on his wheel rim.

In announcing he was sustaining the motion to suppress, the trial judge held the tip from an unnamed informant alone was not enough to justify detention referring to a case which had been cited by the State. *See Pringle v. State,* 732 S.W.2d 363, 367 (Tex.App.—Dallas 1987, pet. ref'd).

The trial court did not abuse its discretion and we should affirm its exercise of that discretion. *See State v. Stevenson,* 784 S.W.2d 143, 145 (Tex.App.—Fort Worth

903

1990, no pet.); *State v. Carr,* 774 S.W.2d 379, 380 (Tex.App.—Austin 1989, no pet.).