Fowler v. State 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00213-CR







Ransford Steve Fowler, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF RUNNELS COUNTY, 119TH JUDICIAL DISTRICT


NO. 4142, HONORABLE JOHN E. SUTTON, JUDGE PRESIDING







 A jury found appellant guilty of driving while intoxicated and assessed
punishment at confinement for a period of one year and a fine of $1,000 dollars. The
confinement and fine were suspended and appellant was placed on probation for three years. 
Appellant contends in two points of error that the trial court erred by 1) allowing the
introduction of evidence seized during a traffic stop made without probable cause and 2)
excluding testimony favorable to the defendant when reading testimony back to the jury. We
will overrule appellant's points of error and affirm the judgment of the trial court.



FACTS On the morning of July 11, 1993, Officer Toby Virden observed a vehicle driven
by appellant, Ransford Steve Fowler, traveling on the highway near Winters, Texas. After
following the vehicle for approximately half a mile, the officer observed appellant weaving within
his own lane and crossing the white lane divider between the two northbound lanes without
signaling. The officer stopped appellant and, upon investigation, arrested him for driving while
intoxicated. The trial court submitted the factual question of probable cause to the jury, and
during deliberation, the jury requested that the testimony of Officer Virden regarding appellant's
weaving be read back to them. The trial court complied, limiting the testimony to only those
statements concerning appellant's weaving. The jury found appellant guilty. 



DISCUSSION In his first point of error, appellant contends the trial court erred by allowing the
introduction of evidence seized during the stop. Appellant argues there was no probable cause
to stop the vehicle. We disagree.

 In Stone v. State, 703 S.W.2d 652, 654 (Tex. Crim. App. 1986), the court stated:



An officer is permitted to make a temporary investigative detention of a defendant
if the officer has a reasonable suspicion that some activity out of the ordinary is or
has occurred, some suggestion to connect the detainee with the unusual activity,
and some indication that the activity is related to a crime.



The type of reasonable suspicion required does not rise to the level of probable cause such as is
required to justify a warrantless search or arrest. Id. In the present case, the arresting officer
observed appellant weave within his own lane and cross the lane divider without signaling. Courts
have previously held that a reasonable suspicion existed when an officer observed a defendant
weaving. See Miffleton v. State, 728 S.W.2d 880, 883 (Tex. App.--Austin 1987), aff'd, 777
S.W.2d 76 (Tex. Crim. App. 1989); see also Raffaeli v. State, 881 S.W.2d 714, 716 (Tex.
App.--Texarkana 1994, pet. ref'd); Barraza v. State, 733 S.W.2d 379, 380 (Tex. App.--Corpus
Christi 1987), aff'd, 790 S.W.2d 654 (Tex. Crim. App. 1990). We hold the officer's observation
of appellant weaving and changing lanes without signaling was sufficient to create a reasonable
suspicion and thus warrant an investigatory stop. We overrule appellant's first point of error.

 In his second point of error, appellant contends the trial court erred by failing to
read testimony favorable to the defendant when it read testimony back to the jury. Appellant
argues that the excluded testimony was material and should have been read in response to the
jury's request. We disagree.

 If a jury disagree as to a statement of a witness, they may have read to them "that
part of such witness testimony or the particular point in dispute, and no other." Tex. Code Crim.
Proc. Ann. art. 36.28 (West 1981) (emphasis added). For a request to be proper under article
36.28, the jury must disagree about a specified part of a witness's testimony. See Moore v. State,
874 S.W.2d 671, 673 (Tex. Crim. App. 1994). A trial court must then interpret the request from
the jury, decide in its discretion what sections of the testimony will best answer the query, and
limit the testimony accordingly. Iness v. State, 606 S.W.2d 306, 314 (Tex. Crim. App. 1980). 
In the present case, the jury sent a note to the trial court stating that there was a dispute among
the jurors about the testimony of Officer Virden regarding Mr. Fowler's "`weaving' from lane
to lane as he was entering the City of Winters." The trial court determined the request pertained
only to the actual weaving observed by the testifying officer and denied appellant's request to
include testimony regarding appellant's driving prior to his weaving. We fail to see how a
resubmission of appellant's cross-examination of the officer with respect to appellant's driving
prior to weaving would be responsive to the jury's request. We hold the trial court did not abuse
its discretion by resubmitting only the testimony concerning appellant's weaving. We overrule
appellant's second point of error.



CONCLUSION Finding no error, we affirm the judgment of the trial court.



 

 Mack Kidd, Justice

Before Justices Powers, Jones and Kidd

Affirmed

Filed: April 17, 1997

Do Not Publish



owler, traveling on the highway near Winters, Texas. After
following the vehicle for approximately half a mile, the officer observed appellant weaving within
his own lane and crossing the white lane divider between the two northbound lanes without
signaling. The officer stopped appellant and, upon investigation, arrested him for driving while
intoxicated. The trial court submitted the factual question of probable cause to the jury, and
during deliberation, the jury requested that the testimony of Officer Virden regarding appellant's
weaving be read back to them. The trial court complied, limiting the testimony to only those
statements concerning appellant's weaving. The jury found appellant guilty. 



DISCUSSION In his first point of error, appellant contends the trial court erred by allowing the
introduction of evidence seized during the stop. Appellant argues there was no probable cause
to stop the vehicle. We disagree.

 In Stone v. State, 703 S.W.2d 652, 654 (Tex. Crim. App. 1986), the court stated:



An officer is permitted to make a temporary investigative detention of a defendant
if the officer has a reasonable suspicion that some activity out of the ordinary is or
has occurred, some suggestion to connect the detainee with the unusual activity,
and some indication that the activity is related to a crime.



The type of reasonable suspicion required does not rise to the level of probable cause such as is
required to justify a warrantless search or arrest. Id. In the present case, the arresting officer
observed appellant weave within his own lane and cross the lane divider without signaling. Courts
have previously held that a reasonable suspicion existed when an officer observed a defendant
weaving. See Miffleton v. State, 728 S.W.2d 880, 883 (Tex. App.--Austin 1987), aff'd, 777
S.W.2d 76 (Tex. Crim. App. 1989); see also Raffaeli v. State, 881 S.W.2d 714, 716 (Tex.
App.--Texarkana 1994, pet. ref'd); Barraza v. State, 733 S.W.2d 379, 380 (Tex. App.--Corpus
Christi 1987), aff'd, 790 S.W.2d 654 (Tex. Crim. App. 1990). We hold the officer's observation
of appellant weaving and changing lanes without signaling was sufficient to create a reasonable
suspicion and thus warrant an investigatory stop. We overrule appellant's first point of error.

 In his second point of error, appellan