ACCEPTED
01-15-00303-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
11/30/2015 2:39:01 PM
CHRISTOPHER PRINE
CLERK

## NO. 01-15-00303-CR

## IN THE FIRST COURT OF APPEALS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

11/30/2015 2:39:01 PM

CHRISTOPHER A. PRINE
Clerk

## HOUSTON, TEXAS

## GARY LAVERN WYMORE AKA CALVIN MCCOLLUM, APPELLANT
## V.
## THE STATE OF TEXAS, APPELLEE

## BRIEF FOR THE STATE OF TEXAS

## CAUSE NUMBER 14CR1334
## IN THE 405th JUDICIAL DISTRICT COURT
## OF GALVESTON COUNTY, TEXAS

ATTORNEYS FOR THE STATE OF TEXAS

REBECCA KLAREN      ASSISTANT CRIMINAL DISTRICT ATTORNEY
     STATE BAR NO. 24046225

JACK ROADY      CRIMINAL DISTRICT ATTORNEY

600 59TH STREET, SUITE 1001
GALVESTON TX 77551
(409) 770-6004, FAX (409) 621-7952
rebecca.klaren@co.galveston.tx.us

**ORAL ARGUMENT WAIVED**

# IDENTITY OF PARTIES AND COUNSEL

| | |
|---|---|
| Presiding Judge | Honorable Dibrell |
| Appellant | Gary Lavern Wymore aka Calvin McCollum |
| Appellee | The State of Texas |
| Attorney for Appellant | Calvin Parks |
| (Trial Only) | Pearland, Texas |
| Attorney for Appellant | Joseph Kyle Verret |
| (Appeal Only) | Galveston, Texas |
| Attorney for State | Christopher Henderson & Matthew Shawhan |
| (Trial Only) | Galveston, Texas |
| Attorney for State | Rebecca Klaren |
| (Appeal Only) | Galveston, Texas |

# TABLE OF CONTENTS

**SECTION**                                                                 **PAGE**

Identity of Parties and Counsel                                                ii

Table of Contents                                                             iii

Index of Authorities                                                          iv

Summary of the Argument                                                        2

Statement of Facts                                                             2

Sole Issue                                                                     9

    Viewing the evidence in the light most favorable to the jury's verdict, how's the evidence insufficient to prove Wymore/McCollum was intoxicated when it showed he drove erratically, slurred his speech, had glassy bloodshot eyes, smelled of alcohol, told an incoherent story, had a wet spot on the front of his pants, swayed, had an unsteady gait, failed the only SFST he performed, refused to give a breath sample, and lied about his name?

    Argument and Authorities                                 9

    I.    Sufficiency Standard Of Review         9

    II.    Driving While Intoxicated           10

    III.    The Evidence Overwhelming Proves Wymore/McCollum Was Intoxicated        10

    IV.    Conclusion: The Evidence Was Legally Sufficient     13

Conclusion and Prayer                                                         14

Certificate of Service                                                        15

Certificate of Compliance                                                     15

# INDEX OF AUTHORITIES

## CASES

*Annis v. State,* 578 S.W.2d 406, 407 (Tex. Crim. App. 1979) ........................................12

*Barraza v. State,* 733 S.W.2d 379, 381 (Tex. App.---Corpus Christi 1987), *aff'd,* 790 S.W.2d 654 (Tex. Crim. App. 1990) ........................................................................12

*Bartlett v. State,* 270 S.W.3d 147, 153 (Tex. Crim. App. 2008) ....................................12

*Clayton v. State,* 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). ...................................10

*Cotton v. State,* 686 S.W.2d 140, 142-43 & 142 n. 3 (Tex. Crim. App. 1985) ... 11, 12, 13

*Felder v. State,* 848 S.W.2d 85, 98 (Tex. Crim. App. 1992) ...........................................12

*Gear v. State,* 340 S.W.3d 743, 746 (Tex. Crim. App. 2011)................................... 9, 10

*Henderson v. State,* 29 S.W.3d 616, 622 (Tex. App.---Houston [1st Dist.] 2000, pet. ref'd) ...........................................................................................................................12

*Hooper v. State,* 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) ..........................................10

*Kiffe v. State,* 361 S.W.3d 104, 108 (Tex. App.---Houston [1st Dist.] 2011, pet. ref'd) .10

*Kirsch v. State,* 306 S.W.3d 738, 745 (Tex. Crim. App. 2010) ......................................11

## STATUTES

TEX. PENAL CODE ANN. § 49.01(2).....................................................................................10

TEX. PENAL CODE ANN. § 49.04(a).....................................................................................10

TEX. TRANSP. CODE §724.012 (b)(3)..................................................................................12

NO. 01-15-00303-CR

IN THE

COURT OF APPEALS

FOR THE

FIRST DISTRICT OF TEXAS

HOUSTON, TEXAS

**GARY LAVERN WYMORE AKA CALVIN MCCOLLUM, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**Appealed from the 405th Judicial District**
**Court of Galveston County, Texas**
**Cause No. 14CR1334**

**BRIEF FOR THE STATE OF TEXAS**

**TO THE HONORABLE COURT OF APPEALS:**

Now comes Jack Roady, Criminal District Attorney for Galveston County, Texas,

and files this brief for the State of Texas.

The one-volume Clerk's Record is referred to in the State's Brief as "C.R. page". The Reporter's Record is multiple volumes and is referred to as "R.R. volume number: page".

## SUMMARY OF THE ARGUMENT

In one issue, Gary Lavern Wymore also known as Calvin McCollum, argues the evidence is insufficient to prove he was intoxicated when he was arrested for driving while intoxicated. Viewing the evidence in the light most favorable to the jury's verdict, the evidence proves Wymore/McCollum changed lanes without signaling, abruptly changed lanes again, lied about his name, slurred his speech, told an incoherent story, was unsteady on his feet, swayed as he walked, smelled of alcohol, had bloodshot glassy eyes, had a wet spot on the front of his pants in the groin area, failed the walk and turn test, and refused a breath test. His van also smelled strongly of alcohol. The evidence was more than sufficient to prove Wymore/McCollum was intoxicated.

## STATEMENT OF FACTS

Sergeant White and Officer Santiago were dispatched to find an erratic reckless driver.[1] The caller described the erratically driving vehicle as a grey van with a tire strapped on the top.[2]

Within 3 minutes of the dispatch, the officers saw the grey van.[3] Officer Santiago testified the driver swerved a little within his lane.[4] The driver was going faster than the

---

[1] R.R.II: 141, 199.
[2] R.R.II: 199.
[3] R.R.II: 199-200.
[4] R.R.II: 142.

cars around him on a wet road.[5] As soon as the officers got behind the van, the driver

changed lanes without signaling.[6] Then, abruptly, turned on his signal and changed lanes

again.[7] Sergeant White testified the driver's maneuvers appeared to be an evasive move

away from being in front of the patrol car.[8] The officers turned on their overhead lights.[9]

The driver pulled over.[10]

As soon as the driver pulled onto the shoulder of the road, he got out of his

van.[11] He wasn't told to get out by the officers.[12] The driver stood close to the traffic

lane.[13] He put his hands toward his waist.[14] The officers testified it's concerning when a

driver reaches towards his waist because the driver could be reaching for a weapon.[15]

Because of the driver's behavior, the officers asked him to move away from the traffic,

towards the front of the patrol car.[16] The officers also told the driver to keep his hands

in front of him.[17]

As the driver walked towards the back of his van and towards the front of the

---

[5] R.R.II: 166.
[6] R.R.II: 142, 200.
[7] R.R.II: 142, 200-01.
[8] R.R.II: 200-01.
[9] R.R.II: 142-43.
[10] R.R.II: 143-44.
[11] R.R.II: 144.
[12] R.R.II: 144.
[13] R.R.II: 145, 202.
[14] R.R.II: 201-02.
[15] R.R.II: 145, 201-02.
[16] R.R.II: 202.
[17] R.R.II: 202.

patrol car, the officers noticed he was unsteady on his feet.[18] They noted he took long strides and swayed.[19]

Once the driver got to the front of the patrol car, the officers asked the driver to identify himself.[20] The driver gave the officers an expired Kentucky driver's license with the name of Gary Wymore.[21] Officer Santiago ran the name Gary Wymore through the police department's communications.[22] It returned a Texas driver's license.[23] The driver did not tell the officers his real name is Calvin McCollum. This wasn't discovered until sometime after Wymore/McCollum was arrested.[24]

The officers smelt a strong odor of alcohol emitting from Wymore/McCollum's breath and body.[25] Officer Santiago testified, that based on his experience, the odor smelled like beer.[26] The officers testified Wymore/McCollum's speech was slurred.[27] He had a thick tongue.[28] His eyes were glassy and bloodshot.[29] The officers also saw that Wymore/McCollum had a wet spot on the front of his pants that spread from his groin to his thighs.[30]

---

[18] R.R.II: 146, 203.
[19] R.R.II: 146, 203.
[20] R.R.II: 144, 202.
[21] R.R.II: 144, 202.
[22] R.R.II: 144.
[23] R.R.II: 144.
[24] R.R.II: 145.
[25] R.R.II: 146, 203, 205.
[26] R.R.II: 146.
[27] R.R.II: 146.
[28] R.R.II: 146.
[29] R.R.II: 146.
[30] R.R.II: 189, 194.

The officers asked Wymore/McCollum where he was going.[31] Wymore/McCollum said he was going to Freeport because a friend had a stroke and needed help.[32] The officers testified Wymore/McCollum's story was incoherent and odd.[33] The officers testified Wymore/McCollum was driving in the opposite direction and wasn't heading towards Freeport.[34] The officers asked him if EMS was called for his friend.[35] Wymore/McCollum said no.[36] The officers testified that Wymore/McCollum repeated himself.[37] Sergeant White testified he had to ask Wymore/McCollum several questions to get any detail about his story.[38] Wymore/McCollum didn't give the officers the name of his friend or the friend's address.[39] The officers testified they couldn't corroborate Wymore/McCollum's story.[40]

Sergeant White testified he asked Wymore/McCollum to do several standard field sobriety tests (SFSTs).[41] Sergeant White asked Wymore/McCollum if he had any medical issues.[42] Wymore/McCollum said he didn't.[43]

Sergeant White testified he didn't do the horizontal gaze nystagmus because it

---

[31] R.R.II: 203.
[32] R.R.II: 203.
[33] R.R.II: 150, 203-04.
[34] R.R.II: 150, 203.
[35] R.R.II: 150, 203-04.
[36] R.R.II: 150, 203-04.
[37] R.R.II: 205.
[38] R.R.II: 205.
[39] R.R.II: 151.
[40] R.R.II: 204.
[41] R.R.II: 210-11, 213-14.
[42] R.R.II: 207.
[43] R.R.II: 207.

was misting.[44] He didn't want a false reading in Wymore/McCollum's eyes.[45]

Sergeant White explained and showed Wymore/McCollum how to do the walk and turn test.[46] Wymore/McCollum said he understood.[47] Wymore/McCollum failed the test.[48] He stepped off the imaginary line.[49] He used his arms for balance.[50] And he didn't step heel to toe.[51] Based on Wymore/McCollum's performance on the test, Sergeant White testified Wymore/McCollum was intoxicated.[52]

Sergeant White explained the one leg stand test to Wymore/McCollum.[53] He said he understood and attempted the test.[54] Wymore/McCollum stopped the test and said he had a bad back.[55] Despite being directly asked before any of the tests if he had a medical issue, this was the first time Wymore/McCollum claimed to have a medical problem.[56]

Even though Wymore/McCollum failed the SFSTs and claimed he hadn't drank any alcohol, Sergeant White offered to let him blow into a portable breath test (PBT).[57] The sergeant testified the PBT is a tool that shows whether a person has consumed

---

[44] R.R.II: 208.
[45] R.R.II: 208.
[46] R.R.II: 212.
[47] R.R.II: 212.
[48] R.R.II: 212.
[49] R.R.II: 213.
[50] R.R.II: 213.
[51] R.R.II: 213.
[52] R.R.II: 213.
[53] R.R.II: 213-14.
[54] R.R.II: 214.
[55] R.R.II: 214.
[56] R.R.II: 214-15.
[57] R.R.II: 215.

alcohol.[58] Wymore/McCollum agreed to do the test.[59] The sergeant held the PBT while Wymore/McCollum blew.[60] Sergeant White testified he could feel Wymore/McCollum not blow hard enough.[61] Wymore/McCollum also didn't close his lips around the tube.[62]

Sergeant White testified he concluded Wymore/McCollum was intoxicated based on the 4 walk and turn clues, that he couldn't complete the one leg stand, that his story didn't add up, that he repeated himself, that his speech was slurred, that he spoke with a thick tongue, he swayed while he walked, and smelled of alcohol.[63] The officers arrested Wymore/McCollum for driving while intoxicated.[64]

The officers explained that when a driver is arrested, his vehicle is inventoried.[65] Officer Santiago testified when he attempted to inventory Wymore/McCollum's van, he found a small puppy sitting in the passenger seat.[66] He also found the van was filthy.[67] The officer testified he found a cup sitting in the front center console that smelled like beer.[68] He said he smelled an extremely strong odor of alcohol emitting from between the center console and the driver's seat, as if beer was just poured out into the van.[69] He

---

[58] R.R.II: 216.
[59] R.R.II: 216.
[60] R.R.II: 216-17.
[61] R.R.II: 216-17.
[62] R.R.II: 217.
[63] R.R.II: 217-18.
[64] R.R.II: 217-18.
[65] R.R.II: 151.
[66] R.R.II: 190.
[67] R.R.II: 152.
[68] R.R.II: 152.
[69] R.R.II: 152.

also found several old cans of beer.[70]

The officers testified that after they arrested Wymore/McCollum, they brought him to the police department and asked him to give a breath sample on the intoxilyzer machine.[71] He refused.[72]

The in-car video of the stop and arrest was admitted into evidence.[73] The video of Wymore/McCollum refusing to give a breath sample in the intoxlizyer room was also admitted.[74]

At no point did Wymore/McCollum tell the officers his name wasn't Wymore and that his true name was McCollum. Sergeant White testified people lie about their names to hide their criminal histories.[75] The sergeant testified that at the time of Wymore/McCollum's arrest, if the driver had 2 DWI convictions, the police would conduct a mandatory blood draw.[76]

At trial, Wymore/McCollum stipulated that he was twice convicted of DWI.[77] The jury convicted him of felony DWI 3rd or more.[78]

Wymore/McCollum elected to have the Trial Court assess his punishment.

---

[70] R.R.II: 190.
[71] R.R.II: 155-56, 218-19.
[72] R.R.II: 156, 218-19.
[73] R.R.II: 153; State Exhibit 1.
[74] R.R.II: 184; Defense Exhibit 1.
[75] R.R.II: 207.
[76] R.R.II: 206-07.
[77] R.R.II: 256-57; State Exhibit 3.
[78] R.R.III: 28.

During the punishment hearing, Wymore/McCollum pled true to both enhancements.[79]

The enhancements were for a 3rd DWI and for felony tampering with evidence.[80] The

Trial Court sentenced Wymore/McCollum to 30 years confinement.[81]

This appeal followed.

---

**SOLE ISSUE**

**Viewing the evidence in the light most favorable to the jury's verdict, how's the evidence insufficient to prove Wymore/McCollum was intoxicated when it showed he drove erratically, slurred his speech, had glassy bloodshot eyes, smelled of alcohol, told an incoherent story, had a wet spot on the front of his pants, swayed, had an unsteady gait, failed the only SFST he performed, refused to give a breath sample, and lied about his name?**

---

## ARGUMENT AND AUTHORITIES

## I.     *Sufficiency Standard Of Review*

Under a legal sufficiency standard of review, appellate courts review all the

evidence in the light most favorable to the verdict and determines, based on that

evidence and any reasonable inferences therefrom, whether any rational fact finder

could have found the elements of the offense beyond a reasonable doubt.[82] This

standard gives full play to the responsibility of the trier of fact fairly to resolve

[79] R.R.III: 32-33.
[80] R.R.III: 32-33.
[81] R.R.III: 37.
[82] *Gear v. State,* 340 S.W.3d 743, 746 (Tex. Crim. App. 2011).

conflicts in the testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts.[83] Appellate courts presume that conflicting inferences were resolved in favor of the conviction and defer to that resolution.[84] Circumstantial evidence is as probative as direct evidence in establishing guilt.[85] Each fact need not point directly and independently to guilt, as long as the cumulative force of all incriminating circumstances is sufficient to support the conviction.[86]

## II.   *Driving While Intoxicated*

A person commits DWI if he "is intoxicated while operating a motor vehicle in a public place."[87]

"Intoxicated" means "not having the normal use of mental or physical faculties by reason of the introduction of alcohol ... into the body."[88]

## III.   *The Evidence Overwhelming Proves Wymore/McCollum Was Intoxicated*

Wymore/McCollum only challenges the sufficiency of the evidence that establishes he was intoxicated. Consequently the State's argument is limited to that element.

---

[83] *Id.*
[84] *Clayton v. State,* 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).
[85] *Hooper v. State,* 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); *Kiffe v. State,* 361 S.W.3d 104, 108 (Tex. App.---Houston [1st Dist.] 2011, pet. ref'd).
[86] *Hooper,* 214 S.W.3d at 13.
[87] TEX. PENAL CODE ANN. § 49.04(a).
[88] TEX. PENAL CODE ANN. § 49.01(2).

Viewing the evidence in the light most favorable to the jury's verdict, the jury could've found beyond a reasonable doubt that Wymore/McCollum was intoxicated when stopped by the officers based on the following:

- Wymore/McCollum was driving erratically. The officers saw Wymore/McCollum change lanes without signaling, then abruptly change lanes again, and breaking suddenly.

- Wymore/McCollum got out of his van without being asked, he was unsteady on his feet, he swayed, and used a large gait.[89]

- Wymore/McCollum had a wet spot on his pants at his groin and thighs.

- Wymore/McCollum's story wasn't coherent and he repeated himself. He was driving in the opposite direction he claimed to be headed.

- Wymore/McCollum's speech was slurred.[90] He spoke with a thick tongue. His eyes were glassy and bloodshot.[91]

- Wymore/McCollum's breath and body smelled strongly of alcohol, his van smelled strongly of beer recently poured from a cup, and there was cup in the center console that smelled of alcohol.[92]

---

[89] *See Kirsch v. State,* 306 S.W.3d 738, 745 (Tex. Crim. App. 2010) (recognizing evidence raising inference of intoxication includes erratic driving, post-driving behavior such as stumbling, swaying, slurring or mumbling words, and bloodshot eyes).

[90] *See id.*

[91] *See Cotton v. State,* 686 S.W.2d 140, 142-43 & 142 n. 3 (Tex. Crim. App. 1985) (identifying characteristics that may constitute evidence of intoxication to include slurred speech, bloodshot eyes, unsteady balance, and staggering gait).

[92] *See id.* at 142 n. 3 (including the odor of alcohol on the person or his breath as characteristic that

- Wymore/McCollum failed the walk and turn standard field sobriety test. He refused to do the one leg stand test.[93]

- Sergeant White testified that based on the above, he believed Wymore/McCollum was intoxicated.[94]

- Wymore/McCollum refused to submit to a breath test.[95]

- Wymore/McCollum gave the officers a false name. This indicates a consciousness of guilt.[96] And it prevented the officers from obtaining Wymore/McCollum's criminal history. Had they had his criminal history, they would've seen Wymore/McCollum had more than two DWI convictions. The officers would've been obligated to obtain a mandatory blood draw from Wymore/McCollum.[97]

---

may constitute evidence of intoxication).

[93] *See Barraza v. State,* 733 S.W.2d 379, 381 (Tex. App.---Corpus Christi 1987), *aff'd,* 790 S.W.2d 654 (Tex. Crim. App. 1990) (holding there is no significant difference between refusal to take field-sobriety test and refusal to perform breath test for evidentiary purposes).

[94] *See Annis v. State,* 578 S.W.2d 406, 407 (Tex. Crim. App. 1979) (reasoning that an officer's testimony that a person was intoxicated provided sufficient evidence to establish the element of intoxication); *see also Henderson v. State,* 29 S.W.3d 616, 622 (Tex. App.---Houston [1st Dist.] 2000, pet. ref'd) (stating that the testimony of a police officer that an individual is intoxicated is probative evidence of intoxication).

[95] *See Bartlett v. State,* 270 S.W.3d 147, 153 (Tex. Crim. App. 2008) (recognizing defendant's refusal to submit to breath test is relevant to show consciousness of guilt).

[96] *See Felder v. State,* 848 S.W.2d 85, 98 (Tex. Crim. App. 1992) (giving false identification to a police officer indicates a consciousness of guilt).

[97] *See* TEX. TRANSP. CODE §724.012 (b)(3).

## IV.  *Conclusion: The Evidence Was Legally Sufficient*

Evidence of intoxication may be proven by a combination of individual symptoms of intoxication that when taken individually do not necessarily prove intoxication.[98] Here, the officers were confronted with overwhelming symptoms of Wymore/McCollum's intoxication---his driving behavior, slurred speech, glassy bloodshot eyes, smell of alcohol, incoherent story, failed SFST, breath test refusal, and false name. Viewing the evidence in the light most favorable to the jury's verdict, the evidence was more than sufficient.

---

[98] *See Cotton,* 686 S.W.2d at 142 n. 3.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, the State prays that the judgment of the Trial Court be affirmed in all respects.

Respectfully submitted,

JACK ROADY
CRIMINAL DISTRICT ATTORNEY
GALVESTON COUNTY, TEXAS


*/s/ Rebecca Klaren*
REBECCA KLAREN
Assistant Criminal District Attorney
State Bar Number 24046225
600 59th Street, Suite 1001
Galveston, Texas 77551
Tel (409)770-6004/Fax (409)621-7952
rebecca.klaren@co.galveston.tx.us

14

## CERTIFICATE OF SERVICE

The undersigned Attorney for the State certifies a copy of the foregoing brief was sent via email, eFile service, or certified mail, return receipt requested, to Kyle Verret, attorney for Gary Lavern Wymore aka Calvin McCollum, at kyle@verretlaw.com or 2029 Strand Suite 3, Galveston, Tx 77550, on November 30, 2015.

/s/ *Rebecca Klaren*
REBECCA KLAREN
Assistant Criminal District Attorney
Galveston County, Texas

## CERTIFICATE OF COMPLIANCE

The undersigned Attorney for the State certifies this brief is computer generated, and consists of 2,436 words.

/s/ *Rebecca Klaren*
REBECCA KLAREN
Assistant Criminal District Attorney
Galveston County, Texas