ACCEPTED
03-16-00226-CR
13098823
THIRD COURT OF APPEALS
AUSTIN, TEXAS
10/6/2016 11:45:24 AM
JEFFREY D. KYLE
CLERK

NO. 03-16-00226-CR

COURT OF APPEALS

FOR THE

THIRD SUPREME JUDICIAL DISTRICT

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
10/6/2016 11:45:24 AM
JEFFREY D. KYLE
Clerk

JAMES BEALL,
Appellant

VS.

THE STATE OF TEXAS,
Appellee

APPEAL FROM

THE 22ND JUDICIAL DISTRICT COURT

HAYS COUNTY, TEXAS

TRIAL COURT CAUSE NOS. CR-15-0485

**STATE'S BRIEF**

Wes Mau
Criminal District Attorney
State Bar No. 00784539
Brian Erskine
Assistant Criminal District Attorney
State Bar No. 24074182
712 South Stagecoach Trail, Suite 2057
San Marcos, Texas 78666
Attorney for the State of Texas
brian.erskine@co.hays.tx.us

## <u>NAMES OF PARTIES</u>

**Appellee:**                State of Texas

**Attorneys for the State:**    Wesley H. Mau, Criminal District Attorney

At trial:                    Brian Erskine, Assistant Criminal District Attorney
                             712 South Stagecoach Trail, Suite 2057
                             San Marcos, Texas 78666
                             Attorneys for the State of Texas

On appeal:                   Wesley H. Mau, Criminal District Attorney
                             Brian Erskine, Assistant Criminal District Attorney

**Appellant:**               James Beall

**Attorneys:**

At trial:                    Lowell Kendall
                             524 Exchange Ave., Ste. D
                             Schertz, Texas 78154

On appeal:                   Kristen Jernigan
                             207 S. Austin Ave.
                             Georgetown, Texas 78626

# TABLE OF CONTENTS

**NAMES OF PARTIES**...................................................................................... **II**

**TABLE OF CONTENTS**....................................................................................**III**

**INDEX OF AUTHORITIES** ..............................................................................**IV**

**STATEMENT OF THE CASE** ........................................................................... **2**

**STATEMENT REGARDING ORAL ARGUMENT**.............................................. **2**

**STATEMENT OF FACTS** ................................................................................. **2**

**SUMMARY OF THE ARGUMENT** .................................................................... **2**

**ARGUMENT**...................................................................................................... **3**

  **STATE'S RESPONSE TO POINT OF ERROR ONE** ........................................ **3**
    EVIDENCE IS SUFFICIENT FOR A RATIONAL TRIER OF FACT TO
    HAVE FOUND THE ESSENTIAL ELEMENTS BEYOND A
    REASONABLE DOUBT

**CERTIFICATE OF COMPLIANCE  WITH TEX. R. APP. P., RULE 9.4**....... **10**

**CERTIFICATE OF SERVICE**.......................................................................... **11**

# INDEX OF AUTHORITIES

**CASES**

*Annis v. State*, 578 S.W.2d 406 (Tex. Crim. App. 1979)................................................. 6

*Barraza v. State*, 733 S.W.2d 379 (Tex.App.–Corpus Christi 1987), aff'd, 790 S.W.2d 654 (Tex. Crim.App.1990)............................................... 9

*Bartlett v. State*, 270 S.W.3d 147 (Tex.Crim.App.2008)................................................ 9

*Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010)............................................. 3

*Carrizales v. State*, 414 S.W.3d 737 (Tex. Crim. App. 2013)...................................... 4

*Griffith v. State*, 55 S.W.3d 598 (Tex. Crim. App. 2001) ............................................. 6

*Guevara v. State*, 152 S .W.3d 45 (Tex.Crim.App.2004)............................................. 9

*Hooper v. State*, 214 S.W.3d 9 (Tex. Crim. App. 2007).......................................... 4, 8

*Jackson v. State*, 468 S.W.3d 189 (Tex. App.—Houston [14th Dist.] 2015, no pet.) ...................................................................................... 9

*Jackson v. Virginia*, 443 U.S. 307 (1979). ............................................................... 3, 6

*Kirsch v. State*, 306 S.W.3d 738 (Tex. Crim. App. 2010) ........................................... 7

*Laster v. State*, 275 S.W.3d 512 (Tex. Crim. App. 2009).................................... 3, 4, 5

*Lopez v. State*, 03-11-00086-CR, 2013 WL 4487555 (Tex. App.—Austin Aug. 15, 2013, no. pet. h) ........................................................ 3, 5

*Margraves v. State*, 34 S.W.3d 912 (Tex. Crim. App. 2000). ..................................... 4

*Tezino v. State,* 765 S.W.2d 482 (Tex.App.-Houston [1st Dist.]

    1988, pet. ref'd) ........................................................................................... 9

*Watson v. State*, 204 S.W.3d 404 (Tex. Crim. App. 2006). ......................................... 4

**STATUTES**

Tex. Penal Code Ann. § 49.04 ...................................................................................... 6

Tex. R. App. P. 38.2 .................................................................................................... 1

Tex. Transp. Code Ann. § 724.061 .............................................................................. 9

NO. 03-16-00226-CR

COURT OF APPEALS

FOR THE

THIRD SUPREME JUDICIAL DISTRICT

---

JAMES BEALL,
Appellant

VS.

THE STATE OF TEXAS,
Appellee

---

APPEAL FROM

THE 22ND JUDICIAL DISTRICT COURT

HAYS COUNTY, TEXAS

TRIAL COURT CAUSE NO. CR-15-0485

---

**STATE'S BRIEF**

---

TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS:

COMES NOW the State of Texas, by and through her Assistant District Attorney, Brian Erskine, and files this Brief in Opposition to Appellant's Brief pursuant to Texas Rules of Appellate Procedure Rule 38.2 and would show the Court the following:

## STATEMENT OF THE CASE

A Hays County Grand Jury indicted James Beall ("Beall") on August 5, 2015,[1] for Driving While Intoxicated, 3rd or more. The jury convicted and sentenced Beall to eight (8) years confinement in the Texas Department of Criminal Justice's Institutional Division (TDCJ-ID). [2]

## STATEMENT REGARDING ORAL ARGUMENT

The State requests oral argument to aid the Court in the decisional process related to Beall's assertions.

## STATEMENT OF FACTS

The State does not object to Beall's statement of facts in total, however, pertinent facts have been supplemented to resolve the issue presented by Beall.

## SUMMARY OF THE ARGUMENT

Evidence was sufficient to support the jury's driving while intoxicated finding. No evidence exists to support the contention that the jury's verdict was determined by any other manner than a fair expression of the jurors' opinions. The evidence is sufficient to sustain the verdict.

---

[1] CR 5.
[2] CR 59-60.

# ARGUMENT

## STATE'S RESPONSE TO POINT OF ERROR ONE
EVIDENCE IS SUFFICIENT FOR A RATIONAL TRIER OF FACT TO HAVE FOUND THE ESSENTIAL ELEMENTS BEYOND A REASONABLE DOUBT

### A. Sufficiency of Evidence Standard of Review

Sufficient evidence was presented to support the jury's driving while intoxicated finding. Due process requires the State to prove beyond a reasonable doubt every element of the crime charged.[3] In Texas, the *Jackson* standard is the only standard applied when courts are reviewing sufficiency of evidence claims.[4] Under the *Jackson* standard appellate courts:

(1) view all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, and

(2) assume that the jury resolved conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.[5]

---

[3] *Jackson v. Virginia*, 443 U.S. 307, 316 (1979).
[4] *See Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010).
[5] *Lopez v. State*, 03-11-00086-CR, 2013 WL 4487555 (Tex. App.—Austin Aug. 15, 2013, no. pet. h) (citing *Laster v. State*, 275 S.W.3d 512, 522 (Tex. Crim. App. 2009) (stating that under the *Jackson* standard, "it is the jury's duty 'to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts'").

The appellate court's "role on appeal is restricted to guarding against the rare occurrence when a factfinder does not act rationally… [It] will uphold the verdict unless a rational factfinder must have had reasonable doubt as to any essential element."[6] There must be an objective basis in the record in order to say that the great weight and preponderance of the evidence contradicts the jury's verdict.[7] Because the jury is the sole judge of a witness's credibility, and the weight to be given the testimony, it may choose to believe some testimony and disbelieve other testimony.[8] Where testimony at trial definitively favors or contradicts the jury's verdict, the jury's credibility determination is paramount.[9] Therefore, a decision is not manifestly unjust solely because the court of appeals would have resolved the conflicting evidence in a different way.[10] Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction.[11] Circumstantial evidence is as probative as direct evidence in establishing the guilt of the actor, and circumstantial evidence alone may be sufficient to establish guilt.[12]

---

[6] *Laster*, 275 S.W.3d at 522.
[7] *Watson v. State*, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006).
[8] *Margraves v. State*, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).
[9] *Watson*, 204 S.W.3d at 417.
[10] *Id.*
[11] *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).
[12] *Carrizales v. State*, 414 S.W.3d 737, 742 (Tex. Crim. App. 2013).

**B. Application of Law to Facts: Evidence Sufficient to Support Jury's Verdict**

In arguing that the evidence was legally insufficient to support the jury's verdict, Beall focuses this Court's attention solely on the facts that do not support the jury's verdict. Beall's argument mentions only those facts which are indeterminate of intoxication, and ignores any evidence which would support such a finding.[13] His analysis inverts the applicable standard of review: to view all of the evidence in a light most favorable to the verdict and to assume the jury resolved any testimonial conflicts and drew reasonable inferences to support their finding.[14]

The State concedes that there have been DWI cases with stronger evidence. Beall did not confess to driving while intoxicated. Beall was not seen consuming alcohol while he was driving. Beall was not passed out behind the wheel drooling on himself. Beall did not urinate or vomit on himself at any time during his detention. No blood alcohol concentration evidence was presented. But the evidence does not need to be overwhelming to be legally sufficient. Many defendants risk a jury trial precisely because the evidence is not overwhelming.

---

[13] For example, while Beall's Statement of Facts references his refusal to perform sobriety testing or to submit a breath sample, his argument does not even mention those two critical facts.

[14] *Lopez v. State*, 03-11-00086-CR, 2013 WL 4487555 (Tex. App.—Austin Aug. 15, 2013, no. pet. h) (citing *Laster v. State*, 275 S.W.3d 512, 522 (Tex. Crim. App. 2009) (stating that under the Jackson standard, "it is the jury's duty 'to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts").

When this Court views the evidence the State presented through the *Jackson* lens, it will find a legally sufficient jury verdict. The State presented sufficient evidence such that a rational trier of fact could have found that Beall operated a motor vehicle in a public place while he was intoxicated. A person commits the offense of driving while intoxicated if he operates a motor vehicle in a public place while intoxicated.[15] As a general rule, the testimony of a peace officer that a person is intoxicated provides sufficient evidence to establish the element of intoxication.[16] The record contains evidence of two separate officers' beliefs that Beall was intoxicated for a myriad of reasons including, but not limited to, unsteadiness, slurred speech, alcohol odor, and bloodshot eyes. All of these facts support the jury's intoxication finding.[17]

Officer Kyle Lobo's (hereafter "Officer Lobo") body camera video was admitted as State's Exhibit 3 and published to the jury.[18] Officer Lobo initiated a traffic stop when Beall failed to stop at a designated stop sign at approximately 7:25

---

[15] *See* Tex. Penal Code Ann. § 49.04(a).

[16] *See Annis v. State*, 578 S.W.2d 406, 407 (Tex. Crim. App. 1979) (reasoning that an officer's testimony that a person was intoxicated provided sufficient evidence to establish the element of intoxication).

[17] 3 RR 40, 45, 46, 98-99, 105, and 106. *See also Griffith v. State*, 55 S.W.3d 598, 601 (Tex. Crim. App. 2001) ("Since the definition of 'intoxicated' includes 'not having the normal use of mental or physical faculties,' any sign of impairment in the appellant's ability to speak would be circumstantially relevant to whether he was legally intoxicated while driving."); *Cotton v. State*, 686 S.W.2d 140, 143 n. 3 (Tex. Crim. App. 1985) (enumerating non-exhaustive list of signs of intoxication, including slurred speech, bloodshot eyes, the odor of alcohol, unsteady balance, and staggered gait).

[18] 3 RR 127; 5 RR 9.

pm.[19] When Officer Lobo approached the vehicle, the window was not rolled down completely, Beall was attempting to light a cigarette, and Beall asked Officer Lobo for a light.[20] Officer Lobo noted Beall was fidgeting, directing his attention downwards, kept trying to use his mobile phone, and was failing to follow Officer Lobo's instructions by continuing to move his hands in dangerous positions.[21] Any rational jury could reasonably infer that Beall's actions evidenced a loss of normal physical and/or mental faculties resulting from the consumption of the alcohol Beall admitted consuming, the odor of which remained detectable by the police.[22]

Both Sergeant Joseph Moreno (hereinafter "Sergeant Moreno") and Officer Lobo noted Beall had an unopened beer can in his vehicle's passenger seat.[23] Additionally, both officers could smell a strong odor of alcohol on Beall,[24] noted Beall's slurred speech,[25] and Beall's bloodshot eyes.[26] When asked to exit his vehicle, Beall staggered while being otherwise unsteady on his feet.[27] Beall told officers he had had a couple of beers and he was coming from the river.[28] Beall

---

[19] 3 RR 88-89.
[20] 3 RR 92.
[21] 3 RR 92-95. *See Kirsch v. State*, 306 S.W.3d 738, 745 (Tex. Crim. App. 2010) (providing that inability to perform field-sobriety tests or follow directions logically raise an inference that the accused was intoxicated).
[22] 3 RR 48; 3 RR 106
[23] 3 RR 56; 3 RR 91.
[24] 3 RR 45; 3 RR 105.
[25] 3 RR 46; 3 RR 106.
[26] 3 RR 106.
[27] 3 RR 40; 3 RR 98-99.
[28] 3 RR 48; 3 RR 106.

appeared confused on many simple matters.[29] During the traffic stop's pendency, Beall was negotiating with officers to leave his vehicle and his dog at the scene and just walk home.[30] Beall subsequently refused to participate in standard field sobriety tests.[31] Additionally, Beall refused to provide a sample of his breath for alcohol concentration analysis.[32] During transport to the jail, Beall asked to urinate continually.[33] While at the jail and during the booking process, Beall told Sergeant Moreno the last time he ate was 10 o'clock in the morning at a local restaurant.[34] The cumulative force of all the incriminating circumstances clearly supports the jury's finding.[35]

Viewing the evidence in the light most favorable to the jury's verdict, a rational factfinder could have determined from the evidence that Beall committed the offense of driving while intoxicated by operating a motor vehicle in a public place while intoxicated. Beall admitted to consuming alcohol on an empty stomach prior to his driving. Officers observed actions consistent with a loss of physical and mental faculties. His subsequent refusal to perform field sobriety and breath testing is

---

[29] 3 RR 49.
[30] 3 RR 108.
[31] 3 RR 47; 3 RR 107.
[32] 3 RR 55.
[33] 3 RR 48; 3 RR 110-111.
[34] 3 RR 48.
[35] *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

significant evidence of Beall's own consciousness of his guilt.[36] Further, Beall's actions in attempting light a cigarette and keeping his window partly up could have been viewed by the jury as further attempts by Beall to conceal evidence of his drinking from the officers.[37] Therefore, the evidence is legally sufficient to support the jury's verdict. Beall's issue one claim is meritless.

## PRAYER

The State prays this Court affirm the conviction and sentence.

Respectfully submitted,

By: _Wesley H Mau_
Wesley Mau
Criminal District Attorney
712 South Stagecoach Trail, Suite 2057
San Marcos, Texas 78666
State Bar No. 00784539
Attorney for the State of Texas
wes.mau@co.hays.tx.us

---

[36] *Jackson v. State*, 468 S.W.3d 189, 193 (Tex. App.—Houston [14th Dist.] 2015, no pet.), *citing Bartlett v. State*, 270 S.W.3d 147, 153 (Tex.Crim.App.2008) (recognizing defendant's refusal to submit to breath test is relevant to show consciousness of guilt); *Barraza v. State*, 733 S.W.2d 379, 381 (Tex.App.–Corpus Christi 1987), aff'd, 790 S.W.2d 654 (Tex. Crim.App.1990) (holding there is no significant difference between refusal to take field-sobriety test and refusal to perform breath test for evidentiary purposes). See also Tex. Transp. Code Ann. § 724.061 ("A person's refusal of a request by an officer to submit to the taking of a specimen of breath or blood, whether the refusal was express or the result of an intentional failure to give the specimen, may be introduced into evidence at the person's trial.")

[37] Attempts to conceal evidence also show consciousness of guilt. *See Guevara v. State*, 152 S .W.3d 45, 50 (Tex.Crim.App.2004) (concluding that "[a]ttempts to conceal incriminating evidence, inconsistent statements, and implausible explanations to the police are probative of wrongful conduct and are also circumstances of guilt"); *Tezino v. State,* 765 S.W.2d 482, 485 (Tex.App.-Houston [1st Dist.] 1988, pet. ref'd) (stating that concealment of pertinent evidence supports inference of guilt)

## CERTIFICATE OF COMPLIANCE
## WITH TEX. R. APP. P., RULE 9.4

I certify that this brief contains 1,87 words, exclusive of the caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix.

Wes Mau
Criminal District Attorney

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing brief has been email-delivered to: Kristen Jernigan via email to [Kristen@txcrimapp.com](mailto:Kristen@txcrimapp.com), on this the 6th day of October, 2016.

_____
Wes Mau
Criminal District Attorney